State v. Hosmer.

The STATE v. HOSMER, *Appellant.*

1. **Special Judge, Election of**: STATUTE. When under Revised Statutes, section 1107, a special judge is elected by the members of the bar to sit in the trial of a cause, such election is not invalidated by the fact that the record fails to recite the special fact or facts which disqualified the regular judge.

2. **Prosecutions for Libel and Slander** : STATUTE, CONSTRUCTION OF. Revised Statutes, section 1564, which provides that, "in all prosecutions for libel or verbal slander, the truth thereof may be given in evidence to the jury, and shall constitute a complete defence. And the jury under the direction of the court shall determine the law and the fact," is but a reassertion of the rule that the jury should receive from the court the law applicable to the testimony in the cause and find the issues of fact thereunder, as in other cases.

3. ———: PRACTICE : BURDEN OF PROOF. When in a prosecution for libel, the publication of the libelous matter is proved by the state, the burden is then on the defendant to justify the publication.

*Appeal from Webster Circuit Court.*—F. M. MANSFIELD, Esq., Special Judge.

AFFIRMED.

*C. W. Thrasher* for appellant.

(1) The court had no jurisdiction to order the election of a special judge. (2) The record should show the facts necessary to authorize the election of a special judge under the statute. *State v. St. Louis*, 1 Mo. App. 503; *McCoy v. Zane*, 65 Mo. 11; *Smith v. Haworth*, 53 Mo. 88; *Schell v. Leland*, 45 Mo. 289; *Wood v. Boots*, 60 Mo. 546; *Kansas v. Campbell*, 62 Mo. 585; *Ellis v. Ry.*, 51 Mo. 200. (3) The court below erred in accepting the juror Love. (4) The court also erred in refusing to give for defendant the instruction to the effect that the jury were to determine the law and the facts. R. S., sec. 1594. And the court also erred in refusing to instruct for defendant that the jury could not convict, unless they found the words charged as libelous were false.

*D. H. McIntyre*, Attorney General, for the state.

(1) The record recites that the regular judge was disqualified from sitting, and that a special election being ordered, F. M. Mansfield was elected and qualified. This was sufficient. Besides, objections to the jurisdiction of the special judge should have been made at the time and cannot be entertained here. *State v. Dodson*, 72 Mo. 283. (2) The juror Love was competent. (3) Section 1594, Revised Statutes, 1879, does not mean that the jury are to be the judges of the law, but that under the instructions of the court they are to find the facts. The finding of the facts under the direction of the court is a finding of the law and the fact, or the application of the law to the facts. *Hardy v. The State*, 7 Mo., top p. 303;

*United States v. Battiste*, 2 Sumner (U. S.) 240; *Com. v. Porter*, 10 Met. 263; Greenlf. Evid., sec. 179. (4) It was not error to refuse defendant's instruction telling the jury that unless they found the words in the information false, they should find defendant not guilty. This instruction had already been given. *State v. Walton*, 74 Mo. 270. And it devolved upon the defendant to show the truth of the language complained of. If the state proves the publication of a libelous article by defendant, it makes out a *prima facie* case, and it devolves upon defendant to rebut such evidence or prove the truth of the alleged libelous publication. Roscoe's Cr. Ev., 685; *Lagrone v. State*, 12 Tex. App. 426.

HENRY, C. J.—This is an information filed by the prosecuting attorney of Webster county, in this state, against defendant for publishing an alleged libel. The cause was tried before F. M. Mansfield, as special judge. Defendant was convicted, and has appealed to this court. The entry of record, in relation to the election of a special judge, is as follows:

" STATE OF MISSOURI } Libel.
v.
" EDMUND HOSMER. }

" Now, at this day, comes the prosecuting attorney, etc., and also the defendant in his own proper person, and by attorney, and, the judge being disqualfied from sitting in this case, and a special election of a judge being ordered, whereupon the clerk calling the roll of attorneys, and by a role of the disinterested members of the bar, F. M. Mansfield, a qualified member of the bar, was duly elected," etc.

It is urged that the judgment is void, because Mansfield was not duly elected, and the point made is, that the order, failing to state the fact or facts which disqualified the regular judge, invalidated the election of a special judge. Section 1107, Revised Statutes of Mis-

souri, which provides for the election of a special judge of a circuit court, is as follows: "Whenever the judge from any cause shall be unable to hold any term, or part of term, of court, and shall fail to procure another judge to hold said term, or part of term ; or if the judge is interested or related to, or shall have been of counsel for either party ; or when the judge, if in attendance, for any reason cannot properly preside in any cause, or causes, pending in such court, and the partie sto such cause, or causes, fail to agree to select one of the attorneys of the court to preside and hold court, for the trial of the cause or causes, the attorneys of the court, who are present, but not less in number than five, may elect one of its members then in attendance having the quailifications of a circuit judge, to hold the court for the occasion."

There is nothing in the section which expressly requires that the facts which disqualify the judge should appear in the order, nor is there anything in the nature of the case which renders it necessary. The disqualifying facts are not issuable when the judge himself declares their existence. He alone determines, in such case, his own disqualification, and there is no necessity for stating more in the order than the one under consideration contains.

The objection to the competency of the juror Love is not well founded. On his *voir dire* he stated, on being asked if he had formed or expressed an opinion as to the guilt or innocence of the defendant, that, on general principles, he might say he had formed an opinion, but not in this particular case ; that his opinion on general principles was, that some of the statements in some of the communications were not true, but about this case he had formed no opinion, and would be controlled by the law and the evidence. The meaning of the juror is somewhat obscure in some respects, but it is clear

enough that he had formed no opinion of the defendant's guilt or innocence in this case; that is what he said.

The defendant asked the court to declare the law to be, "that, under the law, the jury are to determine the law and the facts in this case." Section 1594, Revised Statutes, 1879, is as follows: "In all prosecutions for libel or verbal slander, the truth thereof may be given in evidence to the jury, and shall constitute a complete defence. And the jury, under the direction of the court, shall determine the law and the fact." I confess that I do not fully comprehend the meaning of the remarkable concluding clause of that section. If it means what appellant's counsel contends it does, then, in prosecutions for libel or slander, the court need give no declarations of law to the jury at all. The instruction he asked was not in the language of the law. From it are omitted the words, "under the direction of the court." As well contend on such a construction, that the jury may determine the facts, without regard to the testimony of the witnesses. Can it be that the legislature intended that in a prosecution for libel, the jury might try the cause on their own views of the law, and that they should, if they saw proper, disregard instructions the court might give them as the law applicable to the case? If so, then the court should abstain from giving instructions to the jury in prosecutions for libel, whereas, in all other criminal proceedings it is error not to declare the law to the jury, as has been repeatedly held by this court.

If we may venture to construe the language, our conjecture is, that it simply reasserts what has always been the law, that the jury should learn of the court the law applicable to the testimony in the cause, and find the issues of fact under the guidance of the court, as in other causes. If it means more than this, and is as broad in its significance as appellant's counsel contends, then the court, in the trial of such causes, is but a figurehead, and might be dispensed with entirely. We

cannot give it such scope as this, and think the court very properly refused the instruction asked. The section is but a declaration of the duty of a jury to determine the law, as well as the facts, under the direction of the court; and there was no necessity for any instruction based upon that clause of the section. If the jury must determine the law "under the direction of the court," then they must be guided by the directions which the court may give and not by what they may determine the law to be. If this is the interpretation to be given it, and certainly it fairly admits of no other, it is impossible to conjecture why that clause was inserted in the section, for it simply declares, with respect to prosecutions for libel, a practice which has always obtained in criminal prosecutions.

Appellant also complains of the refusal of the court to give an instruction asked by him, to the effect that the jury should acquit him unless they found that the words charged in the information were false. The court, of its own motion, instructed the jury that they should acquit defendant unless the words charged in the information were false, but that it devolved upon the defendant to show that they were true. There can be no objection to that instruction. The first clause is what the defendant asked and the latter was properly added. When the publication of libelous matters by the defendant is proven, the burden of proof is on the defendant to show any facts which justify the publication. 2 Greenleaf's Evidence, p. 422, sec. 427 (14 Ed.)

All concur in the affirmance of the judgment.