Burgess, J.
From a conviction of murder of the first degree in shooting to death with a revolving pistol one Wm. S. Gray defendant appealed. The murder is charged to have been committed on the night of November 12, 1892, in a saloon in New Madrid, New Madrid county, Missouri. The indictment was preferred by the grand jury of that county, and on application of defendant the venue was changed to Cape G-irardeau county.
At the January term, 1894, of the circuit court of the last named county, defendant was arraigned, and *158 upon refusal to plead, by direction of the court a plea of not guilty was entered of record for him. Thereafter, on the twenty-seventh day .of January, 1894, defendant filed a petition and affidavit charging prejudice and disqualifying the presiding judge of that circuit, the Hon. H. C. Riley, from presiding at the trial of the cause. This petition was taken under advisement until the May term of said court next following, to wit, May, 1894. At the May term of said court, 1894, and on the ninth day of that month, Hon. Dorsey W. Shackleford, judge of the fourteenth judicial circuit having consented to hold the May term of said court and try the cause, by order of record it was set for trial on the twenty-fifth day of June, 1894, and the petition denied.
On the twenty-sixth day of June, before Judge Riley, a motion of protest was filed against Judge Shackleford, because it did not affirmatively appear that he had been notified and requested to try the cause, and, evidence having been heard in support of said motion, there was spread upon the records of the court a recital that Judge H. C. Riley having heretofore set the cause down for trial for June 25, 1894, and having notified and requested Judge Shackleford to appear and hold this court at the time appointed for the trial of said cause, and the said Judge1 Shackleford how appearing in obedience to said notification and request, Judge Riley vacates, whereupon said motion of protest was overruled. On the twenty-seventh day of June the motion of protest- was renewed before Judge Shackleford and again overruled. A motion for a continuance was then made by defendant, because of the absence of witnesses Louis McNorman and Richard Eckhard, and denied.
Defendant’s first contention is that the action of the Hon. Henry C. Riley in requesting the Hon. D. W. *159 Shackleford, judge of the fourteenth judicial circuit, to preside at the trial of the cause was without authority of law, conferred no jurisdiction upon the latter, and that all proceedings by him are null and void.
Section 4174, Revised Statutes, 1889, provides that, “when any indictment or criminal prosecution shall be pending in any circuit or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause * * '* when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial, or will not impartially decide his application for a change of venue on account of the prejudice of' the inhabitants of the county or circuit.”
The section next following provides that, “whenever in any cause the defendant shall make application by petition under the oath and. supported by 'the affidavit of two or more reputable persons * * * for a change of venue for any of the reasons stated in the next preceding section, it shall be lawful for the judge to hear such application, and immediately thereafter, by an order of record, to impower the members of the bar present, to the number of three or more duly enrolled in said court and licensed attorneys of this state, and not of counsel in the case, to proceed to the election of a special judge for the trial of the particular cause pending, orto decide defendant’s application for a change of the venue — such election to be held by the clerk,” etc.
By section 4178, Revised Statutes, 1889, it is provided that, “if in any ease the judge shall be incompetent to sit for any of the causes mentioned in section 4174, and no suitable person to try the case will serve when elected as such special judge, or if, in the opinion *160 of the judge of said court, no competent or suitable person can or will be elected as such special judge, he need not order such election, but may, in either case, set the cause down for trial on some day of the term, or on some day as early as practicable in vacation, and notify and request the judge of some other circuit to try the cause; and it shall be the duty of the judge so requested to appear and hold the court at the time appointed for the trial of said cause; and he shall, during said trial, and in relation to said cause, possess all the powers and perform all the duties of a circuit judge. * *
An application by petition under the oath and supported by the affidavit of two or more reputable persons for a change of venue because of the prejudice of the presiding judge was filed in the Cape Girardeau circuit court at the adjourned January term, February 27, 1894, of said court, and overruled at the May term following, when the court made an order of record reciting that the Hon. D. W. Shackleford, judge of one of the circuit courts of the state, having consented to hold that term of the court and to try this cause on the twenty-fifth day of June nest ensuing, set the case for trial on that day.
The record shows that on said twenty-fifth day of June, 1894, the Hon. D. W. Shackleford, in pursuance of the request of Judge Riley, appeared at the courthouse in the city of Jackson, county of Cape Girardeau, took his seat upon the bench, and, against the objection and protest of defendant, proceeded with the trial of the cause.
It is earnestly insisted by counsel for defendant that Judge Riley had no authority to call in the judge of another circuit under the circumstances disclosed by the record, and that it was only in case that no suitable person to try the case would serve if elected as such *161 special' judge, or when, in the opinion of the judge of' the court, no competent or suitable person can or will be elected as such special judge, that he has any power or authority to notify and request the judge of some other circuit to try any particular criminal case, and, as no such facts were shown to exist, that Judge Shackleford was not legally requested to hold the court and try the cause, was without authority, and his acts null and void.
This position is clearly untenable. The statute does not require that the request by the. judge of one circuit of the judge of another circuit court to hold a term of court, or part thereof, or to try any particular criminal case shall be by an order of record, but it expressly provides that the judge may make such request, which evidently means that he may do so in his capacity as judge, and not necessarily while he is sitting as a court. Nor is it necessary that the reason for requesting the services of the judge of another circuit, be shown by the record or otherwise, as the presumption will be indulged, that the request was in obedience to the statute authorizing him to do so.
. In the case at bar it appears by an entry of record made while Judge Riley was on the bench, and also by an entry of record made while Judge Shackleford was on the bench, that the latter had been requested by Judge Riley to try this case, and the presumption is that he was of the opinion that no suitable person to try the case would serve if elected as such special judge, or that no competent or suitable person could or would be elected, and, under such circumstance, his action in calling in the judge of another circuit to try the cause is to be.commended, rather than disapproved.
The instructions seem to have been carefully prepared, free from just criticism, and covered every phase of the case.
*162 It appears that the trial was begun at about 7 o’clock on Friday morning, June 29, 1894, and, with the exception of an adjournment of an hour for dinner and an hour for suppper, court was in continuous session until 10:30 p. m. of that evening; that, during the progress of the trial, one Don DeMasterson, who was summoned as a witness by the state, and was not present at the homicide, testified in substance, that he met the defendant in J. W. Jackson’s saloon in New Madrid, Missouri, early one morning in the month of November, 1892; that said Newsum was sitting on the bar counter; that he invited him, witness, and Dave Crewshon to take a drink with him; that Johnny Fuller was behind the bar; that the witness DeMasterson, the defendant and Dave Crewshon, were standing together when Newsum said that he was out of a stake last night and asked Gray, the deceased, to loan him two dollars which he refused to do, and that Newsum further said, “God damn him, I had a notion to pull out my pistol and shoot the God damn son of a bitch.”
After all of the witnesses present had been examined, the court asked counsel for defendant if they had any further testimony to offer, when they replied, “Not now; but we have had subpoenas issued to the sheriff of New Madrid county, not yet returned, for two witnesses by whom we expect to contradict the state’s witness, Don DeMasterson,” and made an •informal motion that the court adjourn the further taking of testimony until the next day. This the court declined to do and remarked that “if the defendant has nothing further to offer now the evidence will be closed.” It was then 10 o’clock at night.
On the following morning, after court had convened, defendant filed his written motion, supported by affidavit, to reopen said case for further proof. In the motion it is alleged, that “defendant never made *163 any of the statements testified to by the witness DeMasterson, and was wholly surprised and unprepared to meet the same; that he had no means of ascertaining what said DeMasterson would swear to until he heard his testimony, and that thereupon defendant immediately procured a subpoena from the clerk of the circuit court of said county of Cape Girardeau for the said Orewshon and Fuller whom defendant says will swear and testify that no such statement was made by defendant concerning Gray, and that no statement was made by defendant concerning Gray at the time and place named by witness DeMasterson; that there was no witness present by whom he could refute such statement; that, upon obtaining said subpoena, he enclosed the same in an envelope addressing said envelope to the sheriff of New Madrid county where said witnesses reside and now are and stamped the same with United States postage stamp and posted the same in the United States mail at this place; that said subpoena is not returned yet but may be returned to-day and at farthest will be returned with said witnesses in attendance by Monday morning; that the court ordered this case closed without affording to defendant the opportunity to have said witnesses in attendance or said subpoena returned at 10:30 o’clock p. m. last night, on the adjournment of court; that the introduction of the testimony in this cause was begun yesterday morning and was closed last night; that New Madrid, where said witnesses Fuller and Crewshon reside, is about eighty-five miles from this place.” The motion was overruled and defendant saved his exceptions.
The defendant being upon trial for murder of the ■ first degree the testimony of the witness DeMasterson, with respect to statements made by defendant, within *164 so short a space of time before the homicide, when speaking of deceased, that he “had a notion to pull out his pistol and kill the God damned son of a bitch,” while not amounting to threats to inflict injury upon him thereafter, tended strongly to show express malice upon the part of defendant, and must have been very hurtful to him, going to the jury, as it did, unchallenged, save by defendant’s own testimony.
While it is true that he had subpoenas issued for these same witnesses on a former occasion, he stated in his motion, protesting that the evidence be not closed until he could have a reasonable time to procure their presence because of his surprise at the testimony given by the witness DeMasterson, whom he says he did not know would swear to any such state of facts as he did testify to, which were not true in fact, and that he could prove by said witnesses that no such statements were made by him at the time or place stated by DeMasterson. DeMasterson himself disclosed the fact that Crewshon and Fuller were present at the time he stated that defendant made the statements with respect to Gray, and as soon as defendant heard his evidence he at once took the necessary steps to procure the presence as witnesses of Crewshon and Fuller. There was nothing to show that he was not surprised by the evidence of DeMasterson, or want of diligence on his part in procuring the attendance of said Crewshon and Fuller after he became aware of the importance of their testimony to him.
The matter of postponement of the trial in order to give the defendant an opportunity to procure the presence of, and the benefit of the testimony of, Crewshon and Fuller rested largely in the discretion of the court, and the judgment should not be reversed, unless it clearly appears that such discretion was abused, and unjustly exercised. When, however, *165 the facts and circumstances attending the case, as disclosed by the record, are taken into consideration, its importance not only to the defendant, but to the people generally, the short space of time occupied in its trial; the late hour of the night at which the evidence was closed; the diligence exercised by defendant in order to procure the attendance of Crewshon and Fuller, after becoming aware of the importance of their testimony to him, it would seem that the court, in the exercise of sound discretion, should have granted defendant a reasonable length of time in which to have procured their attendance. We think a fair and reasonable opportunity should have been afforded him to disprove, if he could, the statements of this witness. From these considerations it follows that the judgment should be reversed, and the cause remanded for further trial. It is so ordered.
All of this division concur.