MAMIE A. AUTENRIETH, Administratrix, v. CHAR-
LES E. SCHAFF, Receiver of MISSOURI, KAN-
SAS & TEXAS RAILWAY COMPANY, Appellant.

In Banc, June 30, 1917.

**JUDGE: Voluntary Disqualification of Self.** In a civil case a statutory
reason must exist and appear of record for the disqualification
of the regular and the calling in of a special judge. An order
entered of record to the effect that "the judge of this court on
his own motion disqualifies as trial judge in the above entitled
cause," made in anticipation of and to forestall the filing of an
application for a change of venue based on his bias and prejudice,
was unauthorized by statute, and amounted to a denial of justice;
and a trial before a special judge, elected by the bar after said
judge had refused to set aside the other, was *coram non judice*
and cannot be considered on appeal.

Appeal from Pettis Circuit Court.—*Hon. George W.
Barnett*, Special Judge.

REVERSED AND REMANDED.

*Henry Lamm, Montgomery & Montgomery* and *J. W.
Jamison* for appellant.

The judgment should be reversed because the special
judge presiding at the trial had no jurisdiction. (1) The
regular judge during the same term had jurisdiction to
set aside the order disqualifying himself. His ruling
that after making that order he had no jurisdiction to
set it aside or to entertain defendant's motion in that be-
half was contrary to both principle and precedent; and,
hence, constituted reversible error. State v. Webb, 74
Mo. 334; Colvin v. Six, 79 Mo. 200; Leise v. Mitchell, 53
Mo. App. 566. (2) Under this record, the regular judge
had no warrant of authority either in constitutional or
statutory law to disqualify himself, and thus compel the
election of an attorney as special judge, where, as here, the
record shows affirmatively that no statutory cause or rea-
son for disqualifying himself existed. In the order itself,

or elsewhere in the record, there should have appeared as an "indubitable predicate" to such vital step in changing the venue and the election of an attorney as special judge, some legal *inability* on the part of the regular judge to try the case. Const. art. 6, sec. 29; art. 2, sec. 18 (*arguendo*); R. S. 1909, secs. 3961-3967, 1927, 1928, 1931; Bank v. Graham, 147 Mo. 250; State v. Downs, 167 Mo. 478; Ladd v. Forsee, 163 Mo. 509; State v. Witherspoon, 231 Mo. 716; State v. Decker, 217 Mo. 324 (*arguendo*); State v. Yager, 250 Mo. 404 (*arguendo*). If a regular judge without statutory reason may renounce his office in one case he may without valid reason renounce it in all cases and put his official duty in "commission" among members of the bar—a doctrine unknown to the law. Hence the order made was a nullity and opposed no barrier to a correct method of procedure (State ex rel. v. O'Bryan, 102 Mo. 259) and it was error to refuse to take jurisdiction of our motion to set it aside and to take jurisdiction of our application for a change of venue. (3) The reasons and grounds for the order disqualifying himself given by the regular judge on the day after he made the entry and made a part of the record, over the objections of defendant, are not statutory or valid grounds for the disqualifying order and entry. Those reasons were, in substance, that the regular judge had heard of an intended application for a change of venue on the part of defendant and hence had disqualified himself in this and the group of companion cases "in justice to his own feeling" and to relieve counsel from making affidavit of bias and prejudice "concerning cases which the court knew nothing of." Such "reasons" are not only quite unknown to the law but they are at enmity to the letter and spirit of the law. It was not due process of law or correct procedure for the regular judge to attempt to anticipate, forestall and defeat defendant's application for a change of venue, of which he had given notice, and thus deny to defendant the legal and beneficial incidents that flow from such application, whereby his cause would have been kept within the jurisdiction of some other regular judge unless he had voluntarily consented to the election of a special judge.

When the election of a special judge once takes place no change of venue is allowed thereafter and, hence, the case could never again get before a regular judge unless by mutual consent. If the special judge fails or refuses to act or cannot properly preside the only remedy is by another election. R. S. 1909, sec. 3963; Blanchard v. Hazeltine, 79 Mo. App. 251. If the defendant had not been forestalled in his right to take a change of venue by the voluntary order of the court, entered in anticipation of such application for a change, the mandatory duty of the regular judge on defendant's application made would have been to send the case to some regular judge unless by mutual consent a special judge had been elected. R. S. 1909, sec. 1931; Douglass v. White, 134 Mo. 234; Penfield v. Vaughan, 169 Mo. 375; State ex rel. v. Flourney, 160 Mo. 331; Blanchard v. Hazeltine, 79 Mo. App. 251. (4) Many cases may be found where the presumption of regularity and rightness in court proceedings has been applied to settling questions pertaining to a change of venue. For example: Green v. Walker, 99 Mo. 75; State v. Gamble, 108 Mo. 504; State v. Hunter, 171 Mo. 440. But such cases are not in point in this case, because such prima-facie presumption of regularity and rightness in court proceedings cannot be invoked to sustain jurisdiction where, as here , all the facts relating to the change of venue affirmatively appear of the record. It is a favorite doctrine of this court that presumptions take flight in the presence of actual facts, and that doctrine has been applied in change of venue cases to the question now in hand, thus: ''The facts appear in the record before us and thus appearing there is no room for the indulgence of any presumption.'' Ladd v. Forsee, 163 Mo. 509. (5) The change of venue statute proper (Sec. 1931, *post* and *ante*) and the kindred statutes under the title of ''Courts of Record'' (Secs. 3960 to 3967, inclusive) together with the constitutional warrant of authority for legislation anent vacancies on the bench (Constitution, art. 6, sec. 29) are *in pari materia* and must be construed together and harmonized under correct canons of construction. One of these statutes should not be construed so as to be destructive of or repugnant to the other,

or so as to be absurd, or so one or the other statute would be put outside the pale of the constitutional warrant of legislative authority. Bank v. Graham, 147 Mo. 250. The constitutional provision strictly limits legislation to judicial vacancies created by. sickness, absence or some "cause" which makes the regular judge "unable" to hold court, or where the "judge cannot preside." The change of venue statutes proper hark back to the Constitution and prescribe procedure where the judge is "interested" or "prejudiced" or "related to either party" or has been of "counsel," or where the opposite party "has undue influence." Sec. 1927, R. S. 1909. In section 1928 the judge is permitted to move voluntarily when he knows he is "interested," or "related to either party," or has been of "counsel." In such case he may order a change of venue without any application. Turning to the court statutes, they strictly preserve the same constitutional limitations. By section 3960 a vacancy on the bench is predicated of sickness, absence or "any cause" creating an inability to sit. Section 3961 requires as a predicate for electing a special judge a "cause" making the regular judge "unable" to sit, or interest, or relationship, or that he has been of counsel, or when he is in attendance (as here) there must be a "reason" why he "cannot properly preside." Section 3967 prescribes as indicative of legislative intent, that these reasons should appear of record. Changes of venue are outside the course of common law and can go only by force of express statute, not otherwise. Huthsing v. Maus, 36 Mo. 107-8; State ex rel. v. Wofford, 119 Mo. 410. Hence it is elementary law that they are to be construed with some strictness. State ex rel. v. Denton, 128 Mo. App. 312; Walker v. Ellis, 146 Mo. 327; Allen v. Snyder, 82 Mo. 558. For the foregoing reasons, also, the disqualifying entry was a nullity and the acts of the special judge were *coram non judice.*

*W. D. O'Bannon, Holmes Hall* and *R. S. Robertson* for respondent.

The first point made by appellants in their brief is that the regular judge during the same term had jurisdic-

tion to set aside his order disqualifying himself, and that his ruling, after making such order that he had no jurisdiction, was error. Appellant citing in support of this proposition the case of State v. Webb, 74 Mo. 334, and other cases. We do not controvert the holding of these cases, which is that where an affidavit for change of venue is filed and the court acts thereon, during the same term he may rescind his order and send it elsewhere. Of course, this rule would be subject to whether or not the other court had assumed jurisdiction, but we are confronted with an entirely different situation in this case, and on the situation we have here it is significant that appellant fails to cite any authority. Here we have a judge by his own act, without any affidavit for change of venue being filed, making a record entry disqualifying himself from proceeding further therein, and, under these conditions, it has been held by this court that he loses all jurisdiction of the case. Lacy v. Barrett, 75 Mo. 469. When he made this order, it is a primary principle of law that we must presume that he made same for good and sufficient reasons and causes and that it would be improper for him to continue to exercise jurisdiction over the case. State v. Hosmer, 85 Mo. 553.

WALKER, J.—This was an action for damages for the death of plaintiff's husband, which upon a trial resulted in a verdict in her favor in the sum of $15,000. From the judgment rendered thereon this appeal was perfected.

Certain errors assigned render necessary a statement of matters occurring before the trial on the merits.

On the 12th day of December, 1916, the regular judge of the circuit court of Pettis County, where this case was pending, made and caused to be entered of record the following order: "Now on this day the judge of this court on his own motion disqualifies as trial judge in the above entitled cause." No application for a change of venue was on file at the time of this entry and no cause was assigned therefor. The succeeding day defendant filed a motion verified by affidavit to set aside the order of disqualifications on the grounds that the same was void in having been improvidently and irregularly made without

authority to forestall an anticipated application on the part of the defendant for a change of venue and render necessary an election of a special trial judge to try this case by the members of the bar. On the same day the defendant filed his application for a change of venue on the ground of the prejudice of the regular judge. The judge refused to entertain or pass upon either the motion or the application; but stated at the time and caused to be entered of record, over defendant's objection, that he had disqualified himself because "on yesterday afternoon, or some time during yesterday, which was the 12th day of December, this court was informed by an attorney of record in this case, as well as in about twenty cases pending in this court, that the defendant in this case, and all of these cases, was going to file an application for a change of venue, based upon an allegation and affidavit of the bias and prejudice of this court; that after this court became advised of this state of facts, that in all of the cases in which the M., K. & T. Railway Company, Charles E. Schaff, receiver thereof, which were pending in this court, that the defendant was making the allegation that the court was biased and prejudiced, this court felt a hesitancy after this knowledge came to him to sit upon the bench and have further to do with the said cases, and in justice to his own feeling in the matter, and in an attempt to relieve the attorneys of making any affidavits of bias and prejudice of this court concerning cases of which the court knew nothing, the court thought the just and proper way to proceed was to disqualify himself in all of these cases, which he did. The court at this time refuses to take up any motion connected with this case or any similar cases in which the court has disqualified."

After the entry of this order the court asked counsel if they could agree upon a special judge. They announced that they could not; an order was entered to that effect and the clerk was directed to hold an election for special judge to try the case. One of the counsel for plaintiff nominated G. W. Barnett. The roll of attorneys was called, twelve voting for Mr. Barnett and five, which included counsel for defendant, refusing to participate in

the election. The clerk announced the election of Mr. Barnett as special judge and he went upon the bench and proceeded with the trial. To this entire proceeding counsel for defendant preserved exceptions, but participated in the trial under protest.

The testimony discloses that the plaintiff's deceased husband, whose death is the basis of this action, and who will be hereafter designated as the deceased, was a conductor of a train in the service of the defendant. In the early morning of the accident, before it was fully light, the trainmen's lanterns still being used, the deceased was engaged at Higbee in the making up of a train consisting of a locomotive, freight cars and a caboose. After the train had been made up, nothing remaining to accomplish same except the coupling thereto of the caboose, it was attempted to effect this coupling automatically by impact, but the effort resulted only in shoving the caboose a half car's length from the rear of the train. Thereupon the deceased went in between the caboose and the rear car, either to adjust the coupler or make the air connection—it having been admitted that deceased was there for one or the other of these purposes and both having been pleaded, as between the two it is immaterial which was the moving cause of his presence there. It will suffice then to say that he stepped between the caboose and the rear car and the engineer, upon a signal from one of the brakemen, backed the cars down against the caboose, catching and crushing the deceased between them and inflicting the injuries from which he died.

The duties incumbent upon a judge, under his oath of office, are mandatory. The importance of these duties affecting as they do the lives, liberty and property of citizens, is such that the responsibility for their performance cannot be lightly put aside to satisfy personal caprice or in anticipation of the action of litigants. In short, a proper administration of justice requires that such duties be performed as and when they arise under the exigencies of each particular case and not in contemplation of and to forestall any possible future action of parties to

Duties of Judge: Voluntary Disqualification.

the proceeding. Such judicial conduct, therefore, as limits or defeats the freedom of authorized action of a litigant is, in effect, a denial of justice. This rule, which underlies all common-law procedure affecting judicial actions, has, in the wisdom of the Legislature, been given definite statutory expression so far as it affects the right of a judge to divest himself of duties imposed by law. This statute is as follows:

"Whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, or if the judge is interested or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason cannot properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion." [Sec. 3961, R. S. 1909.]

The substitution of a special for a regular judge, being purely statutory and a departure from the general procedure pertaining to courts of record, the general rule of construction is applicable thereto that statutes authorizing special proceedings should be closely scrutinized and the powers therein conferred strictly construed. [Straughan v. Meyers, 268 Mo. 1. c. 593.] The record entries in such cases "constitute not only the authority of the special judge, but the evidence of that authority" (Smith v. Haworth, 53 Mo. 88), and hence the statute which requires not only that an entry of the order under which the special judge was elected be made, but that the reasons therefor be stated. The ruling of this court in State v. Hosmer, 85 Mo. 553, is not necessarily contrary to the conclusion here reached, because it appears in that case that the regular judge had declared the existence of the disqualifying facts and while they do not appear in the opinion it is evident from the court's reasoning that the record of disqualifica-

tion set forth the reasons for same and hence complied with the statute (Sec. 3967) or that this statute was overlooked and hence not taken into consideration. Nor is there anything in our most recent discussion of this question in Johnston v. Ragan, 265 Mo. l. c. 443, and the cases there cited, which militates against the conclusion that a statutory reason must exist and appear of record for the disqualification of the regular and the calling in of a special judge. In that case the record stated the reason to be "the absence and inability of Judge Powell to attend and try the case." This was clearly within the terms of the statute (Sec. 3961).

Other rulings of this court which seem to hold generally that the record need not recite the reasons of a judge's disqualification and the calling in of a special judge, are found in criminal cases (State v. Newsum, 129 Mo. 154; State v. Gillham, 174 Mo. l. c. 673), for the hearing and determination of which a separate code, ample in its provisions (Secs. 5198-5201, R. S. 1909) has been provided; and while it has been held that these provisions do not forbid the disqualification of a regular and the election of a special judge under the general statute (Secs. 3961-3965, R. S. 1909; State v. Downs, 164 Mo. 471), it is evident that whatever seeming conflict there is in the authorities on this question arises from the fact that there is no express provision in the criminal code requiring the record to show the reasons for a judge's disqualification or for the election of a special judge. As a consequence, in invoking the general statutes in this regard in criminal cases the result has been to ignore section 3967, a part of such general statute which requires the reasons of the court's action to be stated. Certainly in a civil case where a judge has disqualified himself and thereby necessitated the calling in of a special judge, the reasons for same should appear of record; and if the general law is invoked in a criminal case the same rule should apply. Except to explain the reason for the seeming confusion rather than the conflict in our authorities, and to define the procedure, the distinction made is unnecessary to a determination of the matter at issue, because the record here not only shows

no reason for the court's disqualification, but on the contrary it appears affirmatively that the court's action was anticipatory and was founded only on rumor. If it were true, as subsequent events demonstrated it was, that counsel for defendant contemplated filing an application for a change of venue alleging prejudice on the part of the judge, it was time enough, in the proper discharge of a judicial function, to rule upon the application when it was submitted. To rule before that time was to forestall a right to which the defendant was entitled and hence result in a denial of justice.

In the very nature of things a lawsuit involves a controversy in which counsel are expected and required to insist upon and demand every right to which they may deem their clients are entitled under the law and in the observance of well recognized ethical rules; the courts, in recognition of such rights have no alternative when they are demanded in conformity with our procedure, but to grant them. Personal feelings of judges have no place in the performance of judicial functions and when allowed to control can only work injustice. The action of the trial court in entering the order of disqualification was therefore unauthorized.

Nothing said herein is intended to restrict the right of a trial judge to disqualify himself in any case for any of the reasons stated in the statute and to determine the existence of such reasons and declare the same in the order of disqualification.

The order of disqualification having been unauthorized for the reasons stated, the election of the special judge was a nullity and the proceedings before him were as a consequence *coram non judice* and need not be considered.

This results in a reversal and remanding of this cause that the regular judge, who had not disqualified himself at the time of the filing of the application for a change of venue, may hear and determine same. *Graves, C. J., Faris* and *Woodson, JJ.*, concur; *Williams* and *Blair, JJ.*, dissent; *Bond, J.*, not sitting.