FRANK LIEFFRING, Appellant, v. CHARLES BIRT.—No. 40374.—204 S. W. (2d) 935.

Division One, October 13, 1947.

*Alcid Bowers* and *Sterling P. Reynolds* for appellant.

*John J. Robison* for respondent.

█ BRADLEY, C.—Action to recover $3,500 actual and $3,500 punitive damages for an alleged illegal arrest and imprisonment. A motion to dismiss was sustained; the cause was dismissed and plaintiff appealed to the Kansas City Court of Appeals. That court reversed the judgment of dismissal and remanded the cause. Lieffring v. Birt (Mo. App.), 154 S. W. (2d) 597.

█ After remand the cause was tried and the verdict of the jury was for defendant. Motion for a new trial was filed, but overruled, and plaintiff again appealed to the Kansas City City Court of Appeals. The notice of appeal recited that the appeal was "from the verdict, judgments, decisions and decrees entered on this action." The court of appeals, on its own motion, dismissed the appeal because the transcript did not contain a copy of the judgment [Lieffring v. Birt (Mo. App.), 200 S. W. (2d) 606], but certified the cause to the supreme court because the opinion was in conflict with an opinion of the St. Louis Court of Appeals in Whealen v. St. Louis Soft Ball Assn. (Mo. App.), 198 S. W. (2d) 371. The St. Louis Court of Appeals held, in the Whealen case, that absence of a copy of the judgment in a transcript could only raise a procedural question, while the Kansas City Court of Appeals held that such was jurisdictional.

The St. Louis Court of Appeals certified the Whealen case to the supreme court because the opinion was in conflict with the opinion by the Kansas City Court of Appeals in Bales v. Jefferson City Lines (Mo. App.), 192 S. W. (2d) 27, in which case the ruling on the question was the same as in the present case. The ruling here in the Whealen case was that such question was procedural and not jurisdictional. Whealen v. St. Louis Soft Ball Assn., 356 Mo. 622, 202 S. W. (2d) 891. After ruling the question this court said [202 S. W. (2d) l. c. 893]:

"Under Rule 1.03 permission is given and any appellate court in Missouri is vested with a wide discretion to require or not to require the clerk of the trial court to send up any papers, documents or exhibits in any cause then pending on appeal in such appellate court. Such discretion the appellate court may exercise to send for any portion of the transcript inadvertently omitted, and thus prevent a

miscarriage of justice. It may in the exercise of such discretion refuse and decline to make any requirement whatever of the clerk of the trial court. The appellate court may, in its discretion, refuse to permit counsel to supply the deficiency in the transcript out of time as did the Court of Appeals in Bales v. Jefferson City Lines, supra. However, if the appellate court having exercised its discretion to call upon the clerk of the trial court to supply a deficiency in the transcript, and such omission having been supplied by such clerk, or supplied by counsel with the court's permission, then has before it a 'full transcript', the appellate court then has sufficient upon which to proceed upon the merits of the appeal.''

It appears in the file of the present case (in a paper filed here by appellant) that no judgment was actually entered of record on the verdict. Sec. 116 of the code (Laws 1943, p. 388) provides that ''the judgment shall be entered as of the day of the verdict.'' It is common knowledge that such simple judgments as would be the judgment in this case are entered by the clerks of the trial courts without looking to counsel for preparation of form. The failure to enter the judgment in the trial court was likely a mere oversight of the clerk. It will be noted from the above quoted excerpt from the Whealen case that the appellate court may exercise its discretion ''to send for any portion of the transcript inadvertently omitted and thus prevent a miscarriage of justice.'' Appellate courts should not abuse that discretion. An order of the appellate court to the clerk of the trial court to enter the judgment and send up certified copy, in such situations as here, would result in the entry of the judgment ''as of the day of the verdict'' which the statute requires the clerk to enter, and the certified copy sent to the appellate court would complete the transcript in accordance with the actual situation. The time in which to appeal is reckoned from the date of the judgment as fixed by Sec. 116 of the code. Woods et al. v. Cantrell et al., 356 Mo. 194, 201 S. W. (2d) 311. And we might say that in such situations as here, where the judgment to be entered is simple, we can perceive of no reason why the formality of a nunc pro tunc order should be invoked. A judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk (30 Am. Jur., p. 824, Sec. 10), and in legal contemplation, under Sec. 116, the judgment is *rendered* upon the verdict when the verdict is returned, and its validity is not affected by the delay of the clerk in *entering* it on the court record, or by an omission altogether to record it in pursuance of statutory direction. A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record. 30 Am. Jur., p. 856, Sec. 71.

Our civil code governs ''the procedure in the supreme court, court of appeals, circuit courts and common pleas courts.'' Sec. 2, Laws

1943, p. 357. And this section also provides that the code shall be construed to secure, among other things, the *just* determination of every action. "Only in exceptional circumstances could an action be *justly* disposed of by dismissing a meritorious appeal. The spirit of the new civil code undoubtedly is to dispose of appealed causes on their merits unless delinquency in the procedural steps to appeal have been too grave to condone." Baldwin v. Desgranges et al., 355 Mo. 79, 199 S. W. (2d) l. c. 355.

Sec. 6, Amendment of 1884, old Constitution, provided that in a case certified to the supreme court by a court of appeals "the supreme court *must* rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process." But the new Constitution, Sec. 10, Art. V, provides that "the supreme court *may* finally determine all causes coming to it from any court of appeals, whether by certification, transfer or certiorari, the same as an original appeal" (italics ours).

The case of Clader v. City of Neosho (Mo. App.), 192 S. W. (2d) 508, 511, was certified to the supreme court by the Springfield Court of Appeals because of the importance of a procedural question. The supreme court ruled the question and transferred the cause back to the court of appeals. Clader v. City of Neosho, 354 Mo. 1190, 193 S. W. (2d) 620. And the present cause should be transferred back to the Kansas City Court of Appeals. It is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.