STATE of Missouri ex rel. and to Use of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,

v.

Herman MURRAY, Principal, and United Bonding Insurance Company, a Corporation, Surety, Defendants,

United Bonding Insurance Company, a Corporation, Surety, Defendant-Respondent.

No. 33074.

St. Louis Court of Appeals.

Missouri.

Feb. 18, 1969.

John J. Donnelly, St. Louis, for plaintiff-appellant.

Robert H. Blanke, University City, for defendant-respondent.

CLEMENS, Commissioner.

Just what judgment has a trial rendered when a written motion is submitted and the judge merely signs and marks it "So ordered", and there is neither minute nor record entry spelling out the court's order?

The plaintiff sued on a surety bond. The defendant surety company moved to dismiss the petition for failure to state a cause

of action. This motion was submitted and sustained. Plaintiff promptly filed a motion to set aside the dismissal and the defendant responded with a motion to uphold it. These two motions squarely put to the court the choice of setting aside the dismissal or refusing to set it aside. Thereafter the trial court ruled on plaintiff's motion to set aside the dismissal, signing and marking the motion "So ordered: Michael J. Carroll, Judge."

Despite this ruling the plaintiff has appealed from the original order dismissing its petition. The defendant has moved to dismiss plaintiff's appeal, contending that plaintiff's motion to set aside the dismissal was granted, that the petition is still alive, and that plaintiff's appeal is premature. We agree.

Although the transcript was certified six months after these court proceedings, it contains none of the records of court orders required to be kept by the circuit clerk under the judge's supervision. (§§ 483.075 and 483.140, V.A.M.S.) So we are left to construe the court's order from the bare notation "So ordered" written by the judge on plaintiff's motion.

First, we distinguish between the judicial act of *rendering* a judgment and the ministerial act of *entering* it on the record. The rendition controls. (Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935[2–5].) When there is no record entry, as here, the judgment rendered may be determined by the judge's minute entry. (State v. Haney, Mo., 277 S.W.2d 632[4], 55 A.L.R.2d 717.) And in determining what judgment the court actually rendered, we consider what the court obviously meant and should have recorded in light of the issues present when it made its order. (State ex rel. Whatley v. Mueller, Mo.App., 288 S.W.2d 405[5–7]; Allen v. Gibbons, Mo.App., 425 S.W.2d 243 [1].)

We apply these principles here. By its motion the plaintiff moved the court

to set aside its previous order of dismissal. Upon submission of that motion the trial court had two choices: to set aside the dismissal or refuse to set it aside. The court's order is evidenced only by the words "So ordered", written on plaintiff's motion. That indicates the court was doing what plaintiff was asking—setting aside the dismissal. The notation "So ordered" is repugnant to an intention to deny plaintiff's motion.

We hold that the trial court's last order nullified its previous order dismissing plaintiff's petition; that the petition now stands before the trial court alive and ripe for further proceedings. Since there was no appealable order below, defendant's motion to dismiss the appeal must be granted.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the appeal is dismissed.

RUDDY, P. J., and P. F. PALUMBO, Special Judge, concur.