Linda Fay HAHN, Respondent,

v.

Cletus Raymond HAHN,
Movant-Appellant.

No. 37329.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 23, 1976.

Albert Lowes, Buerkle, Buerkle & Lowes, Jackson, for movant-appellant.

Schnapp, Graham & Reid, John W. Reid, II, Fredericktown, for respondent.

DOWD, Judge.

Appellant Cletus Hahn appeals from the denial of his motion to modify a decree of dissolution of marriage which had placed custody of the parties' minor son with respondent, Linda Hahn. Subsequent to the

dissolution, respondent had moved from Missouri to Texas, taking the child with her.

Appellant's motion to modify the decree had requested a transfer of his son's custody to appellant. Respondent's cross-motion to modify the decree had requested permission to remove the son to Texas, an increase in child support from $20.00 to $40.00 per week, attorney's fees, and expenses incurred in traveling from Texas to Missouri to litigate. After a hearing, the trial court entered its judgment on August 7, 1975. The judgment denied both appellant's motion and respondent's cross-motion "except [respondent] is to return to the State of Texas and to take the child with her."

On August 11, 1975, appellant filed his notice of appeal from the judgment of August 7, 1975. Following appellant's action, on August 12, 1975, respondent filed her motion for a new trial, requesting the court "enter a new Judgment increasing the child support payments to Forty Dollars ($40.00) per week, and granting Respondent a reasonable attorney's fee pursuant to 1973 R.S.Mo. § 452.335, and granting Respondent the expense and loss of income she lost in traveling to Missouri to attend the hearing pursuant to 1973 R.S.Mo. § 452.395." The trial court entered an order on November 6, 1975 which sustained respondent's motion for new trial "as to request contained i[n] Respondent's said Motion for New Trial."

■ It is the duty of the appellate court to determine sua sponte whether the court has jurisdiction before considering the merits of an appeal. *Huffman v. Department of Revenue,* 523 S.W.2d 107, 108 (Mo.App. 1975). We have examined the proceedings below to determine whether an appealable order is presented to this court for review.

■ As applicable to the case before us, § 512.020 RSMo 1969 provides that an aggrieved party can appeal from an order granting a new trial or from any final judgment. Appellant's appeal does not come within the purview of either provision. Clearly, appellant did not appeal

from the trial court's new trial order on the issues of child support, attorney's fees, and expenses but from the trial court's August seventh judgment denying appellant's motion to transfer custody to appellant.

In addition, the appeal from the August seventh judgment does not comply with § 512.020, *supra,* because that judgment is not a final judgment. The trial court has granted the parties a new trial in compliance with Rules 78.01 and 78.06. Rule 78.06 authorizes the trial court to grant a new trial on motion of a party within 90 days after entry of judgment. If the judgment is reopened under this provision by the granting of new trial the prior judgment is not appealable as there is no final judgment. *See In re Marriage of Richardson,* 540 S.W.2d 227, 229 (Mo.App.1976). The trial court has not yet exhausted its jurisdiction, therefore precluding this court from asserting jurisdiction. *Pendleton v. Pendleton,* 532 S.W.2d 905, 906 (Mo.App. 1976).

■ We note that the trial court's new trial order refers only to the issues of child support, attorney's fees, and expenses and not to the issue of child custody. However, even if we assume that custody is a severable issue under Rule 82.06, the trial court did not purport to sever the custody claim nor designate its judgment on that issue as final and appealable. The custody order will not become final until the trial court exhausts its jurisdiction by disposing of all issues raised below. *Pendleton v. Pendleton, supra.*

We have examined the trial court's order of November 6, 1975 to determine whether the trial court incorrectly characterized an order reforming and reentering judgment as a new trial order. We have not found such to be the case. Respondent's motion for new trial, granted in its entirety by the trial court, had requested attorney's fees and expenses in addition to an increase in child support to $40.00 per week. In its order, the trial court neither specified dollar amounts granted as reasonable attorney's

fees or expenses nor denied such attorney's fees and expenses. The trial court's order appears to be what it purports to be, an order retaining jurisdiction over the action to rehear and redetermine the questions of child support, attorney's fees, and expenses.

No appealable order is presented to this court, and the appeal is dismissed.

WEIER, P. J., and CLEMENS, J., concur.