Eli BYRD, Ruby Byrd, and Ella Mae Byrd, Plaintiffs-Appellants,

v.

James BROWN, Charles Jacks and the City of Cabool, Mo., Defendants-Respondents.

No. 11332.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 27, 1981.

Respondent's Motion for Rehearing and Transfer Denied March 17, 1981.

Michael L. Shortridge and John D. Eakes, Springfield, for plaintiffs-appellants.

Gary T. Nelms, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for defendants-respondents.

MAUS, Chief Judge.

This is an appeal from an order of the Circuit Court of Texas County setting aside a judgment in favor of the appellants. In connection with this appeal it must be observed that Texas County is in the 25th Judicial Circuit, § 478.137, RSMo 1978, V.A. M.S., and has two circuit judges that sit in Division I and Division II. § 478.700, RSMo 1978, V.A.M.S. Hon. Eugene E. Northern was Judge of Division I and Hon. Weldon W. Moore was Judge of Division II.

Appellants Ruby Byrd and Ella Mae Byrd owned and operated a fabric store in the City of Cabool. Appellants Ella Mae Byrd and Ruby Byrd and Eli Byrd, her husband, owned the building in which that business was conducted. In December, 1976, the appellants had entered into an oral agreement to sell the business and building to Dave Carter and Alberta Carter, his wife. On January 17, 1977, the business inventory and building were damaged by a fire. The Carters' down payment was returned and the agreement abandoned.

On March 23, 1977, the appellants and Carters filed their petition against the respondents James Brown, Charles Jacks and the City of Cabool. It was alleged that the fire and damage were caused by the negligence of respondents James Brown and Charles Jacks while acting within the scope of their employment by the respondent City of Cabool. The respondents filed a general denial. On November 17, 1978, the case was tried without a jury before Hon. Weldon W. Moore as Judge of Division II. At the conclusion of the trial the following entry was made in the Judge's docket:

Parties appear with their attorneys and announce ready for trial. Jury waived. Depositions ordered opened. Plaintiffs offer evidence and rest. Defendants offer evidence and rest. Both sides rest. Issues found for plaintiffs, Eli Byrd, Ruby Byrd and Ella Mae Byrd and against defendants and plaintiffs recovery fixed at $5,723.00 for damage to building and $40,000.00 for contents. Issues found for defendants and against plaintiffs Dave Carter and Alberta Carter on their claims for loss of profits.

Evidence of what subsequently transpired is not contained in the transcript, but from the legal file which includes the Judge's docket sheet and a motion which incorporated an attached affidavit. The affidavit was uncontroverted and the statement of facts based thereon has been accepted by the respondents.

On November 18, 1978, Judge Moore called one of the attorneys for the appellants and advised the attorney the court was considering setting aside the judgment rendered on November 17, 1978, but would make no entry until the appellants had an opportunity to present arguments on November 20 or 21, 1978. On November 21, 1978, the attorney appeared in Court to be

heard, but was advised that inadvertently without counsel being heard on November 20, 1978, the following entries had been made on the Judge's docket sheet:

Court of its own motion, sets aside the judgment in favor of Eli Byrd, Ruby Byrd and Ella Mae Byrd and against James Brown, Charles Jacks and the City of Cabool as defendants and grants a new trial. Court also on its own motion sets aside the judgment in favor of defendants and against Dave and Alberta Carter on their claim for loss of profits and plaintiffs Dave and Alberta Carter granted a new trial.

Judge Weldon W. Moore disqualifies and transfers cause to Division I where Judge Northern sits.

Then on November 28, 1978, without notice and on the court's own motion the following entry was made on the Judge's docket sheet: "Order of 11–20–78 granting a new trial is amended to add as one of the reasons for granting a new trial the fact that the Court received evidence that was inadmissible and had been properly objected to. Weldon Moore, Judge."

Having contacted Judge Northern for a hearing date, on December 7, 1978, the appellants filed a motion to vacate the order of November 20, 1978, and gave notice to opposing counsel the motion would be heard on December 15, 1978. On December 6, 1978, Judge Moore signed an order which reads as follows: "Now on this 6th day of December, 1978, Judge Moore sets aside his Order disqualifying himself in the above case and sets aside the Order setting aside the judgment entered on November 17, 1978." This order was filed with the clerk on December 11, 1978. By letter dated December 7, 1978, Judge Moore advised counsel that on December 16, 1978, the Court would consider setting aside its judgment rendered on November 17, 1978. On December 13, 1978, the appellants filed their objection to any action taken in the case since November 20, 1978, or to be taken by Judge Moore. Then on December 16, 1978, the following entries were made by Judge Moore upon the docket sheet:

Parties appear by counsel after notice of hearing to set aside judgment and order and court sets aside its judgment and order of November 17, 1978 and grants a new trial on all issues because the court erred in admitting evidence over objection of defendants and court further grants new trial on grounds verdict is against weight of evidence.

Judge Weldon W. Moore again disqualifies himself from hearing case on merits.

The appellants first sought relief by writ of prohibition in this court and then in the Supreme Court. Both applications were denied, the latter order of denial providing "without prejudice to the right of Relators to file notice of appeal to the Court of Appeals, Southern District, out of time." Whereafter, pursuant to leave granted by this Court under V.A.M.R. Civil Rule 81.07 the appellants filed their notice of appeal from the order of December 16, 1978.

At the outset, this court must consider the respondents' motion to dismiss the appeal which has been taken with the case. First, the respondents with great ingenuity contend the appeal must be dismissed because Rule 81.07 does not permit a late notice of appeal when an appeal is taken from an order granting a new trial as distinguished from an appeal from a final judgment. To support that contention the respondents emphasize that part of Rule 81.07(a) which reads:

When an appeal is permitted by law *from a final judgment* in the trial court, but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal. (Emphasis added).

Section 512.020 authorizes an appeal from any final judgment and also grants a right of appeal from other specifically designated orders and judgments including "any order granting a new trial . . . or from any special order after final judgment in the cause . . ." An order setting aside a final judgment and granting a new

trial even though made by the court on its own motion and within 30 days is appealable.[1] "The orders from which defendant here seeks relief are appealable. The general rule that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination . . . is not here applicable in the face of § 512.020." *Fulton v. Bailey*, 413 S.W.2d 514, 515 (Mo.1967). Also see *Travagliante v. J. W. Wood Realty Company*, 425 S.W.2d 208 (Mo.1968). In general the orders and judgments specifically designated by § 512.020 to be appealable pertain to a determination of substantial rights of the parties. An appeal is permitted at the stage of the proceedings indicated when to do otherwise might impair those rights and result in continued litigation that might not be required depending upon the outcome of an appeal. Those same considerations apply whether the appeal is taken within the normally prescribed time or under a special order for a late appeal. If a late appeal would prejudice the respondent, that fact may be taken into account by the appellate court in exercising its discretion in permitting a late appeal or in issuing a stay as provided in Rule 81.07. With these factors in mind it is reasonable to conclude the term "final judgment" as used in Rule 81.07 includes all orders and judgments appealable under § 512.020. The Supreme Court evidently so concluded in its determination of appellant's application for prohibition. This argument is rejected.

The respondents next contend the appeal must be dismissed because the docket entry of November 17, 1978, is not a final judgment and an appeal does not lie from an order vacating that entry. To support that proposition the respondents cite such cases as *Gray v. Bryant*, 557 S.W.2d 489 (Mo.App. 1977); *Cochran v. DeShazo*, 538 S.W.2d 598 (Mo.App.1976); *Phelps v. Parker*, 534 S.W.2d 278 (Mo.App.1976). It is true that these cases and numerous other similar cases hold that a verdict or docket entry cannot be "transmogrified into a final judgment" for the purpose of appeal. *Cochran v. DeShazo*, supra, 538 S.W.2d at 601.[2]

However, whether or not that docket entry was final for the purpose of appeal is not decisive in this case. The term "final judgment" may vary in accordance with the context in which that term is used. As stated, the general rule is that a judgment to be final must dispose of all parties and all issues. *Fulton v. Bailey*, supra. See Rule 74.01. The fact a judgment is not embodied in a formal judgment entry does not prevent that judgment from being effective. "A judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk. . . . A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record." *Lieffring v. Birt*, 356 Mo. 1092, 204 S.W.2d 935, 937 (1947). " 'The act, after the trial and final submission of a case of pronouncing judgment in language which fully determines the rights of the parties to the action, and leaves nothing more to be done except the entry of the judgment by the clerk, constitutes the rendition of the judgment.' " *State ex rel. Green v. Henderson*, 164 Mo. 347, 360, 64 S.W. 138, 141 (banc 1901). In this case there can be no doubt that by the docket entry the court rendered judgment

---

1. However, an order made within 30 days setting aside a default judgment and granting a trial, as distinguished from a new trial, is not appealable. *Crossland v. Admire*, 118 Mo. 87, 24 S.W. 154 (1893); *Altman v. Werling*, 509 S.W.2d 787 (Mo.App.1974); *Steffan v. Steffan*, 390 S.W.2d 587 (Mo.App.1965). *In re Marriage of Richardson*, 540 S.W.2d 227 (Mo.App.1976) is not considered as being in conflict with this decision as in that case the judgment was in the nature of a default judgment. Also see *Hahn v. Hahn*, 544 S.W.2d 89 (Mo.App.1976).

2. Concerning when a judgment becomes final for the purpose of appeal see *State ex rel. State Highway Com'n v. Tate*, 576 S.W.2d 529 (Mo. banc 1979); *Woods v. Cantrell*, 356 Mo. 194, 201 S.W.2d 311 (1947); *Gothard v. Spradling*, 561 S.W.2d 448 (Mo.App.1978); *Stoddard v. Stoddard*, 549 S.W.2d 354 (Mo.App.1977).

in favor of the appellants.[3] If doubt could exist, the whole record may be considered in determining the effect of that entry. *State v. Haney*, 277 S.W.2d 632 (Mo.1955); *Allen v. Gibbons*, 425 S.W.2d 243 (Mo.App.1968). When that entry is considered with the subsequent language of the court in referring to the "judgment of November 17, 1978", that doubt is removed. The judgment evidenced by the docket entry did dispose of all issues and all parties and in that sense was a final judgment.[4] The order of December 16, 1978, set aside that judgment and granted a new trial. Under § 512.020 that order is appealable and the respondent's motion to dismiss is overruled.

 The appellants contend that the order of December 16, 1978, setting aside that judgment is erroneous because the judge who was presiding had disqualified himself. On November 20, 1978, after making the first order purporting to set aside the judgment, the judge entered on the docket "Judge Weldon W. Moore disqualifies and transfers cause to Division I where Judge Northern sits".[5] To answer that contention the respondents rely upon *Autenrieth v. Schaff*, 271 Mo. 248, 196 S.W. 1129 (banc 1917). That case held that under the statute providing for the selection or election of an attorney as a special judge "a statutory reason must exist and appear of record for the disqualification." *Autenrieth*, supra, 271 Mo. at 256, 196 S.W. at 1131. In so holding the court observed that such procedure was "a departure from the general procedure pertaining to courts of record." *Autenrieth*, 271 Mo. at 255, 196 S.W. at 1130. That case is to be distinguished. Self-disqualification is now provided for as a part of the rules pertaining to general procedure in courts of record. Rule 2 Canon 3 C and Rule 51.07. The latter rule does not require the specification of a reason. Under Rule 51.05 a party may obtain the disqualification of a judge by an application which "need not allege or prove any cause ..." It would be an anomalous result to require a judge to specify the reason for his self-disqualification. Under Rule 51.07 a judge may disqualify himself without stating a reason.[6] As distinguished from the situation where a party seeks disqualification and Rule 51.05 requires notice, Rule 51.07, which provides for self-disqualification requires no notice and none need be given. Judge Moore's disqualification was effective upon the docket entry and the case was transferred to Judge Northern.[7] Judge Moore had no further authority in the case.[8] Therefore, the orders made after

---

**3.** For cases dealing with the sufficiency of a docket entry as a final determination see *State ex rel. Green v. Henderson*, 164 Mo. 347, 64 S.W. 138 (banc 1901); *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940 (Mo. 1962); *State v. Haney*, 277 S.W.2d 632 (Mo. 1955); *Sears v. Norman*, 543 S.W.2d 300 (Mo. App.1976); *Hails v. Systems Constructors, Inc.*, 407 S.W.2d 583 (Mo.App.1966); *Johannes v. St. Regis Realty & Investment Co.*, 196 Mo. App. 43, 188 S.W. 1138 (1962).

**4.** For the mechanics of using a docket entry as the basis for the entry of a formal final judgment see *State ex rel. Green v. Henderson*, supra, n. 3; *Pelz v. Bollinger*, 180 Mo. 252, 79 S.W. 146 (1904); *Sears v. Norman*, supra, n. 3.

**5.** This was in accordance with V.A.M.R. Civil Rule 51.07.

**6.** *Cantrell v. City of Caruthersville*, 363 Mo. 988, 255 S.W.2d 785 (1953). This has been the rule in criminal cases. "There is nothing in the section which expressly requires that the facts which disqualify the judge should appear in the order, nor is there anything in the nature of the case which renders it necessary. The disqualifying facts are not issuable when the judge himself declares their existence. He alone determines, in such case, his own disqualification, and there is no necessity for stating more in the order than the one under consideration contains." *State v. Hosmer*, 85 Mo. 553, 556 (1885). Also see *State v. Newsum*, 129 Mo. 154, 31 S.W. 605 (1895); *State v. Huett*, 340 Mo. 934, 104 S.W.2d 252 (1937). Compare *Ham v. Eighth Judicial Dist. Court, Etc.*, 93 Nev. 409, 566 P.2d 420 (1977); *Singleton v. State*, 173 Ind.App. 606, 364 N.E.2d 1041 (1977).

**7.** For cases dealing with the effectiveness of a docket entry see *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423 (Mo.banc 1978); *Sears v. Norman*, supra, n. 3; *State ex rel. State Farm Mut. Auto. Ins. Co. v. Murray*, 438 S.W.2d 300 (Mo.App.1969).

**8.** *State ex rel. Peabody Coal Co. v. Powell*, supra, n. 7; *State ex rel. Ellis v. Creech*, 364 Mo. 92, 259 S.W.2d 372 (banc 1953).

the initial docket entry of disqualification, including the order of December 16, 1978, were void. *State ex rel. Banks v. Price*, 228 Mo.App. 530, 70 S.W.2d 130 (1934).[9]

The appellants in their brief urge this court to set aside the order of November 20, 1978, granting a new trial. It is required that an appellant in a notice of appeal "specify ... the judgment or order appealed from". Rule 81.08(a). The appellants' notice of appeal specifies the order of December 16, 1978, granting a new trial. In the posture of this case this court need not determine if that notice of appeal carries with it an appeal from the order of November 20, 1978. See 9 Moore's Federal Practice § 203.18 (2d ed.1980); *United States v. Walker*, 601 F.2d 1051 (9th Cir. 1979). Nor is it necessary to determine if that contention can be considered as plain error under Rule 84.13(c). The order of November 20, 1978, was made without an opportunity to be heard. That such an order is void is established by a long line of cases. *State ex rel. Wells v. Mayfield*, 365 Mo. 238, 281 S.W.2d 9 (banc 1955); *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1950); *Caldwell Paint Mfg. Co. v. Lebeau*, 591 S.W.2d 1 (Mo.App.1979). The order of December 16, 1978, is reversed.

BILLINGS and HOGAN, JJ., concur.

PREWITT, P. J., recused.

---

9. As the case had been transferred to Division I, this court need not consider whether or not a judge may under any circumstances revoke his self-disqualification. See *State ex rel. Mos-* *shammer v. Allen Superior Court No. 3*, 246 Ind. 366, 206 N.E.2d 139 (1965); 46 Am.Jur.2d, Judges, § 234, p. 256.