## HOGEL vs. LINDELL.

1. Although the law prohibits oral instructions, yet, if given, the party who is aggrieved by them can alone complain.

2. Although the receipt of the purchase money be acknowledged in a conveyance, it may be shewn by parol that it has not been paid.

*Hogel* vs. *Lindell.*

3. It is not, however, competent at law to shew by parol that a deed, absolute on its face, is in fact a mortgage.

## ERROR to St. Louis Circuit Court.

Geyer, *for Plaintiff, insists*:

1. The Circuit Court was not authorized to charge the jury orally, without consent of parties —the act of 1838 not being repealed. See acts 1838-9, page 27; Rev. Co. 1845, p. 362, sec. 19-20.

2. If oral instructions were not forbidden by law, those given are erroneous, because they have a direct tendency to embarrass and mislead the jury; because they so *explain* the written instructions as to submit to the jury the interpretation of a contract, and at the same time make the whole case depend on a single fact, which being found either way, the jury are informed, is to be followed by a verdict for the defendant, virtually taking the whole case from the jury.    Hughes vs. Ellison, 5 Mo. R., 110; Morton vs. Reed, 6 Mo. R., 64; Fugate & Young vs. Carter, 6 Mo. R., 267; Newman vs. Lawless, 6 Mo. R., 293; Plater vs. Scott, 6 Gill. & J., 116; Selin vs. Spander, 11 S. & R., 319; Wash vs. Maclay, 2 S. & R., 415; Coleman vs. Roberts, 1 Mo. R., 97; Woodward vs. Thornton, 8 Mo. R. 161; Jones vs. Talbot, 4 Mo. R., 279; Hickman vs. Griffin, 6 Mo. R., 37.

3. The contract between the plaintiff and John Lee & Co., being reduced to writing, the only fact to be determined by the jury was the authority of Elliott Lee to bind the defendant, Lindell. The interpretation of the contract was exclusively within the province of the court.    Coleman vs. Roberts, 1 Mo. R., 97; Fugate & Young vs. Carter, 6 Mo. R., 267; Newman vs. Lawless, 6 Mo. R., 279; McRea vs. Scott, 4 Rand., 463; Wash vs. Maclay, 2 S. & R., 415; Broome's Legal Maxims, page 44-5 and cases cited; 3 Bingham, 217; (13 E. C. L. R.) Levis vs. Gadsby, 3 Cranch, 180; 8 Co. R., 308; 9 Co. R., 13; Coke Lit., 295, i.

4. Oral evidence of previous negotiations, or tending to prove that the deed absolute in its terms was intended as a mortgage, or in any manner to vary, contradict or defeat the deed, was incompetent, and if admitted, cannot be taken into consideration by the court in determining the legal effect of the deed, nor authorize a reference of the question to the jury.    In a court of law, the evidence of a condition, defeasance or covenant, must be evidenced by writing of as high a nature as the deed; and even in equity, evidence that an absolute deed was intended as a mortgage, must be in writing, unless it is proved that the defeasance was either through fraud, accident or mistake, never executed, or has been lost or destroyed.    Cowen & Hill's notes to Phillips, part 2nd, page 1467; 2 Stephen's N. P., 1532; Woodward, *et al.* vs. McGaugh, *et al.*, 8 Mo. R., 161; Keller vs. Brown, 4 Mass. R., 443; Flint vs. Shelden, 13 Mass. R., 443; Flagg vs. Mann, 14 Pick., 467; Selwate vs. Hanover, 16 Pick., 222; Lund vs. Lund, 1 N. H. R., (Adams') 39; Beckford vs. Daniel, 2 N. H. R., 71; Rundlett vs. Otis, 2 N. H. R., 197; 15 J. R., 205, 255; Cowen & Hill's notes, pt. 2nd, page 1428, 1433; Champion vs. White, 5 Cowen, 509; Hull vs. Adams, 1 Hill, 60; Bond vs. Susquehannah Bridge Co., 6 Har. & John., 128.

5. The oral evidence, if competent and credible, does not prove, or tend to prove, that there was any condition of defeasance, oral or written, nor any covenant or agreement; there was no debt to be secured; the previous debt was discharged and the securities given up and cancelled.— No remedy against Hogel;—at most, there was a resulting trust to pay to Hogel whatever the property should bring over and above the amount of the extinguished debt—and such a trust cannot be established by parol.    Flint vs. Shelden, 13 Mass., 443; McFier vs. Shepperd, 1 Bay, 461; Shealer vs. Jones, 1 Murphy, 449; Godwin vs. Hubbard, 15 Mass., 218; Dickerson vs. Dickerson, 1 Car. Law Reps., 262.

6. The acceptance of the deed by Lindell, and the use of the property as his own, is a ratification of the contract, as made in writing by Lee, on behalf of the firm, and there is nothing to justify the 4th instruction given by the court. There could be no necessity for any subsequent agreement between the plaintiff and the defendant, especially after a refusal by the defendant to make any, in respect to the time and manner of the payment.

7. A new trial ought to have been awarded on account of misdirection, and because the verdict is against law and evidence. The deed is not a mortgage, and could not be made so by oral evidence. The evidence given by defendant, if allowed to control the deed, does not establish any condition of defeasance, and is, besides, in all essential particulars, overwhelmed by the testimony of several disinterested witnesses to the transaction.

· GAMBLE & BATES, *for Defendant, insist:*

1. The document in the form of an account is to be taken as a whole, and if it shows a balance of purchase money unpaid, it shows what was the understanding of the parties at the time in relation to said balance, and shows a special agreement subsisting and executory, upon the violation of which the plaintiff could have his action, and which remaining unexecuted prevented his sueing in the present form. Stollings vs. Sappington, 8 Mo. R., 188; Chambers vs. King & Tunstall, ib. 517. *Note.*—There is no count upon this agreement and no evidence that it has been either executed or broken.

2. If the true character of the transaction appears to be that the conveyance should be security for a debt, and not a sale of the property, the plaintiff is not entitled to recover. Courts of law recognize the rule, that a mortgagor is still the owner of the land mortgaged. 4 John. R., 41; 1 Wend., 433; 11 Johns., 534; 14 Wend., 63; 8 ib., 641; 9 ib., 227; 9 Cow., 406; 4 Bibb, 441; 7 J. J. Mar., 133; 1 A. K. Mar., 582. Courts of law will also recognize the rule that a deed, absolute on its face, if it is a mere security for a debt, will be treated as a mortgage—that the property may be redeemed—that the mortgage may be foreclosed. In this case, the plaintiff first goes out of the deed to show the nature of the transaction, and then the defendant gives his evidence to show its nature; and this evidence being admitted, shewed that the plaintiff had no right of action for property sold, nor for money received—nor for money paid—nor upon an account stated. 5 Greenleaf, 96; 7 ib., 435.

3. There is an exception to the oral explanations given to the jury by the court. As these explanations were all favorable to the plaintiff, it is supposed the exception is only made to their being oral, on the ground that the court could not instruct except in writing.

The prohibition of oral instructions formerly in force, was in an act supplementary to the act establishing courts of justice and prescribing their powers and duties. Sess. acts of 1838, page 27.

The revised laws, entitled "An act to establish courts of justice and prescribe their powers and duties," Revised Code, page 328, is a revision of all previous acts upon that head.

The 20th section of the act concerning the Revised Laws, page 699, repeals all acts that were revised and not contained in the Code.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by the plaintiff against the defendant in error for part of the consideration money of a lot alleged to have been sold and conveyed by the plaintiff to the defendant. The de-

claration also contained most of the common counts. Pleas, non-assump-
sit and set-off. Upon the trial, the defendant obtained a verdict.

At the trial, a deed was produced by the defendant, on notice, and was
read in evidence by the plaintiff. It is dated the 1st December, 1837,
and is a conveyance by plaintiff to the defendant of the lot in the decla-
ration mentioned, for the consideration of $4,500 in hand paid, the re-
ceipt of which is acknowledged. The plaintiff, after proving that John
Lee, Elliott Lee and the defendant composed the firm of John Lee & Co.,
produced and read in evidence an account, with the memorandum thereon,
proved to be in the hand writing of Elliott Lee, one of the firm of John
Lee & Co., as follows :

"<i>Jefferson City</i>, 1st Dec'r, 1837.

Mr. John F. Hogel,

| | | | |
|---|---|---:|---:|
| | To John Lee & Co., | **Dr.** | |
| To amount of your note, dated 10th August, 1836, | - | $909 | 49 |
| " interest on same to date, | - - - | 121 | 20 |
| " of Hogel's & Stuart's account, | - - | 1385 | 37 |
| " interest on same, | - - - - - | 80 | 81 |
| " Joseph Martin & Co. ac't and interest, | - | 82 | 18 |
| | | 2579 | 05 |

Cr.

By brick house on Madison street, lot containing 50 feet front
by 125, as per deed of date,    -    -    -    -    4250 00

$1670 95

Which balance of $1670 95, is to be paid as per agreement hereafter
to be made between J. G. Lindell and said Hogel."

Evidence was given tending to show that the sale was absolute; that
the property, at the time of the sale and afterwards, was worth $350 an-
nually, though its rents afterwards fell considerably. Lindell, when ask-
ed for the balance due for the lot, would say that he would not pay until
the property was sold. No evidence was given showing that any agree-
ment had been made respecting the payment of the balance. The de-
fendant produced in evidence declarations showing that the conveyance,
though absolute in its terms, was only designed as a security for a debt,
and that the plaintiff was only to be entitled to what might remain from
the proceeds of the sale after payment of the debt. The evidence on
this subject was contradictory. The defendant accepted the deed of
conveyance and received the rents.

The court, on the prayer of the defendant, instructed the jury as follows:

That if the jury find from the evidence that the conveyance of the house and lot in Jefferson City was made for the purpose of securing the debt due from Hogel to John Lee & Co., and not as an absolute sale of the same to Jesse G. Lindell, then the jury must find for the defendant.

That the jury must find for the defendant, unless they shall believe from the evidence that there was an agreement made between Jesse G. Lindell and Hogel, in relation to the balance of the consideration money for the lot in Jefferson City; and that, according to such agreement, the said balance was due to Hogel at the commencement of this suit.

Which instructions were given by the court to the jury in writing, together with oral explanations, as follows.

That it was competent for one of several partners to bind his copartners, so long as his acts or contracts were within the scope of the business or objects of the copartnership. And in this case, if the jury should believe, from the testimony, that the agreement alleged to have been made by Elliott Lee with the plaintiff for the purchase of the lot in question, and for payment of the balance sued for, was made for and on account of the firm of John Lee & Co., for the purpose of securing a debt due from the plaintiff to said firm, the said agreement is binding on all the members of the firm.

That it was competent for the firm of John Lee & Co. to make the alleged agreement binding on said firm by adoption, whether the said agreement was within the scope of the copartnership business or not; therefore, if the jury should believe from the testimony that the defendant, Lindell, accepted the deed of the plaintiff for the lot in question, under and in pursuance of the said agreement, the same is binding upon the defendant.

To the giving of which two last mentioned instructions in writing, and the oral explanations thereof by the court to the jury, and each of them, the plaintiff excepted.

One of the questions presented for our consideration is, the propriety of the oral instructions given by the court below. If oral instructions should be given, and it could not be ascertained what they were, under the late law, it would be a cause for reversing the judgment. But if they are preserved in the bill of exceptions, and it appears that they were favorable to the party complaining, or did not at all affect his rights as a suitor, it would be difficult to find a ground on which to place such

a construction of the statute as would overturn the judgment. The instructions may have been given without the solicitation of the party obtaining the verdict, and even against his consent, and yet to deprive him of his ascertained rights, and to subject him to the payment of costs, merely because the Judge has wilfully violated a statute in a way that did not at all conduce to the attainment of his verdict, would seem to be the greatest injustice. The statute gave the right of excepting to the party aggrieved; and unless he was aggrieved by the instructions, he had no right to except. The prohibition of oral instructions was contained in the statute of 13th February, 1839, secs. 1 and 2. The title of the act was "An act supplementary to an act to establish courts of record and prescribe their powers and duties." Taking together the 19th and 20th sections of the act concerning the revised laws, they must be considered as prescribing the rule that the laws which were revised and published in the code of 1845, after their taking effect, repealed all laws, whether original or amendatory, under the title to which they relate. Any other construction would produce great confusion, and render it almost impossible to ascertain what laws were, or were not in force. The general law concerning courts having been revised, we must presume the acts supplementary thereto likewise underwent revision, and that portion of them in relation to oral instructions having been omitted, we must presume that such was the purpose of the Legislature.

The law seems to be settled in England, that where the receipt of the purchase money is acknowledged in a deed of conveyance, the vendor is not permitted to show that in reality it has not been paid. Shelley vs. Wright, Willis', 9; Rowntree vs. Jacob, 2 Taun. But the weight of authority in the American courts is in favor of treating the recital as only *prima facie* evidence of the payment of the purchase money in an action of assumpsit by the grantor to recover the price which is yet unpaid.— Greenleaf, 33. But with regard to the admission of parol evidence in a court of law, to convert an absolute deed into a mortgage, the authorities are against it, except in New York, where it is conceded that a contrary rule is an innovation upon the principles of the common law. The doctrine in that State, that in courts of equity, an absolute deed may be turned into a security for the payment of money, without an allegation of fraud, accident or mistake, is repudiated in most of the States. Swart and others vs. Service, 21 Wend., 36; Parteriche vs. Poulet, 2 Atkins, 383; Flagg vs. Mann, 14 Pick., 467; Lund vs. Lund, 1 New Hamp., 39; Sugden on Vendors, 98; 2 Dana, Stanton vs. Commonwealth, 387; Con-

ner vs. Chase, 15 Ver., 764. The instructions given relative to the nature of the conveyance should therefore have been refused.

It appears that when Lindell was called upon for the balance of the purchase money of the lot alleged to have been due, he always declared that he would not pay it until he had sold the house. From aught that appears in the bill of exceptions, that may have been the agreement between Hogel and Lindell. The balance was to be paid by agreement thereafter to be made between them. As the grantor, notwithstanding the acknowledgment of the receipt of the purchase money, may show that it has not in fact been paid, if, in so doing, he shows that it was to be paid on the performance of a particular act, that act must be shown to have been done, or an excuse for its non-performance be given. There is nothing preserved in the bill of exceptions which shows that the agreement was ever abandoned, or that the defendant prevented its performance.

The other Judges concurring, the judgment will be affirmed.