The City of Kansas v. Knotts *et al.*, *Appellants.*

1.  **Courts**: JUDGE A PARTY TO THE RECORD. Where the circuit court consists of two judges sitting separately, (as in Jackson county,) if both happen to be parties to the record of a cause, it is not error for the one before whom the cause comes in the ordinary course to refuse to send it to the other for trial.

2.  ⸺. A judge who is a party to the record cannot sit in the case even by consent of parties. The statute which authorizes a judge "who is interested in any suit" to try it, if the parties consent, has no application to such a case. R. S., § 1041.

3.  **Eminent Domain**: PUBLIC USE. It sufficiently appears from the record in the present case that there was a judicial determination that the use for which defendant's land was taken was really a public use.

*Appeal from Jackson Circuit Court.*—Trial before C. O. TICHENOR, ESQ., sitting as Special Judge.

AFFIRMED.

*L. C. Slavens* for appellants.

*D. S. Twitchell* for respondent.

MARTIN, C.—This was a proceeding by the City of Kansas to condemn private property for the opening and extension of Sixth street from Tracy avenue to Woodland avenue in said city. The proceeding was instituted in pursuance of ordinance No. 21,039 of the common council of said city, which was approved on the 7th day of June, 1881. The ordinance prescribes the boundaries within which the property was to be condemned, and declares that " all private property within said boundaries is hereby taken and condemned for public use, as an extension of said Sixth street, and just compensation therefor shall be assessed, collected and paid according to law." The ordinance also prescribes the limits within which "private property shall be deemed benefited by reason of the proposed improvement, mentioned in the preceding section, and be assessed and charged to pay just compensation therefor."

The cause was first tried before the mayor, then taken by appeal to the circuit court, where it appeared in division No. 2 of said court. Hon. F. M. Black, judge of division No. 2, was not only interested in the suit as owner of property lying within the limits of assessment, but he was a party to the record, his name being included in the original notice to the property owners subject to charge and assessment. There being no consent of the parties to a trial by His Honor Judge Black, the appellants requested him to send the case to division No. 1, presided over by Hon. Turner A. Gill, judge of that division. This request was refused by Judge Black for the reason that it appeared from the

record of the cause that Judge Gill was also a party to said cause.

The parties having failed after this ruling to select a special judge, an election was held by the clerk, which resulted in the selection of C. O. Tichenor, Esq., an attorney of said court. The case was tried by the special judge so elected, and resulted in a complete condemnation of the property required for the extension of Sixth street, and a very general assessment of charges for benefits on account of the extension. It seems from the record that appellant was adjudged $1,500 damages for his property within the limits of condemnation, and $1,000 benefits to his property within the limits of assessment for benefits, which would leave him entitled to a balance of $500 on his money judgment. In his appeal to this court, he presents two questions, which were raised by his motion for a new trial. They are as follows: 1st, That the cause should have been sent to the other division of the court; 2nd, That there was no judicial determination whether the property attempted to be taken was really for a public use.

I.  We do not think any error was committed by Judge Black in refusing the request of the appellant to send the case to Judge Gill, under the circumstances disclosed in the record. The object of the request was, as we are informed by appellant, to afford the parties an opportunity to consent to Judge Gill trying the cause. By the 11th section of the act reorganizing the 24th judicial circuit, it is provided that "no change of venue shall be allowed by said circuit court for any reason that may be alleged against the judge of the division to which the same is assigned, but if any such reason exist the cause shall be transferred to the division held by the other judge; but if reason exist against both the judges of said court, then such change may be allowed to the circuit court of some contiguous county, unless otherwise disposed of according to law." Sess. Acts 1879, § 82. The appellant claims that he was deprived of the legal right

1. COURTS: judge a party to the record.

to a possible chance in Judge Gill trying the case. He admits this right depended upon the consent of the parties if Judge Gill was interested in the suit, and that he could not have proceeded without such consent. Now it is evident that such consent was substantially withheld by the parties. The city withheld it when it accepted without objection the ruling of Judge Black refusing to transfer the case and permitting the election of a special judge. And Judge Black, who was a party to the case, must have withheld his consent when he entered his ruling.

But there is an obvious reason underlying this matter which in my judgment rendered it legally improper, as against public policy, for Judge Gill to try the case even with the consent of the parties. According to the record Judge Gill was something more than merely interested in the suit; he was a party defendant, legally served with process, and the record discloses two assessments against him for which execution is ordered. I am unable to perceive how a judge, who is a party to a cause, can properly discharge the functions of a judge in trying his own case. The statute, in my opinion, does not contemplate or authorize such a proceeding, even though sanctioned by the request of the parties. It provides that: "No judge of any court of record, who is interested in any suit or related to either party, or who shall have been of counsel in any suit or proceeding pending before him, shall without the express consent of the parties thereto, sit on the trial or determination thereof." R. S. 1879, § 1041. Certainly this implies that the judge interested in the manner mentioned, may sit and determine the cause by the consent of the parties. But I know of no principle upon which this provision can be invoked in a case where the judge is not simply interested but is an actual party to the cause. I am satisfied that it was never intended to be applied to such a case. Neither am I able to perceive how the supposed consent of the parties could, in any manner, relieve the judge from the embarrassment and absurdity of trying

his own cause.   How can he, with "a decent respect to the opinion of mankind," call himself into his own court for trial, appear before himself in person or by attorney, render judgment in his own favor when he is satisfied that his attorney has made a good case, or turn himself out of his own court when his case is devoid of merit, or commit himself for contempt of court, when he has indulged in the unfortunate misconduct of a litigant!   Again, if he is a party to the case, then he must be a necessary party to the agreement or consent which is to enable him to try it. Clearly the legislature never intended he should have the privilege or be compelled to make such an exhibition of himself.   He might, with equal approbation of the law, assume to take his own acknowledgment of a deed or perform the ceremony of his own marriage.

It is apparent, therefore, that the appellant lost nothing in the refusal of Judge Black to transmit the cause to the other division of his court.   No benefit or advantage could accrue to the appellant in transmitting the cause to the other division for the mere purpose of having the election of a special judge after such transmission.   That election must be conducted by the clerk of the court.   If the case had been sent to Judge Gill for that purpose, the election would have been conducted before the same clerk, in the same court, (either division is the circuit court,) and before the same bar.   It would have been in all its essential features the same election which in fact did take place. There is no good reason why this cause should be reversed in order to have an election of a special judge, after transmission of the case to another division of the circuit court. It would be repeating what has already been done in the same court.   The case was properly disposed of by Judge Black under the 11th section of the act of March 24th, 1879, reorganizing the 24th judicial circuit.   Reasons existed why both judges could not try the case.   No change of venue was applied for, and the case was "otherwise disposed of according to law."   Sess. Acts 1879, p. 82.

II. The counsel for appellant has insisted, in a very able and exhaustive brief, that there has been no judicial 3. EMINENT DOMAIN: determination that the contemplated use, public use. for which the property was condemned, was really a public use. There is sufficient evidence in the record to convince any one that Sixth street, which was already a street devoted to public use, was extended in this proceeding to Woodland avenue for the same public use. The ordinance seems to take and condemn the property "for public use as an extension of said Sixth street." The fact was so obvious that the street was extended for the use of the public, and not for any private use, that very little evidence was submitted to the jury on the point. The record might have been more satisfactory than it is, but we think the judgment that was entered implies a judicial determination of that fact, sufficient, in this case, to comply with the requirement of the constitution. Const., art. 2, § 20. After reciting the verdict the judgment proceeds as follows: "It is, therefore, adjudged, ordered and decreed by the court, that the City of Kansas have and hold the property sought to be taken for the purpose specified in said ordinance of the said City of Kansas." We have seen that the ordinance assumed to condemn the property covered by the street for the use of the public. Upon the whole we think the judgment should be affirmed, and it is so ordered. WINSLOW, C., concurs; PHILIPS, C., absent.

NORTON, J., took no part in this case, being absent.