STATE EX REL. H. H. BANKS ET AL., RELATOR, v. L. M. PRICE, SPECIAL JUDGE, RESPONDENT.—70 S. W. (2d) 130.

Kansas City Court of Appeals. April 2, 1934.

*Clark, Boggs, Cave & Peterson* and *Wm. H. Becker* for relators.

*Wm. H. Sapp, amicus curiae.*

SHAIN, P. J.—The relators herein are defendants in a damage suit filed against them by one, Lena Finley, in the Circuit Court of Boone County, Missouri.

After issues were made up in the case the HONORABLE W. M. DIN-WIDDIE, the regular circuit judge of the court disqualified upon his own motion and gave a lawful reason for so doing, to-wit: That prior to his going on the bench he had been of counsel in the case.

Thereafter, the parties failing to agree upon a special judge to try the case, an election by the bar was held at the request of the defendants, relators herein, but over the protest of the plaintiff in the cause.

The record shows that the election was regular in form as provided in Article 3, Chapter 9 of Revised Statutes of 1929.

It is shown that HON. L. M. PRICE, a member of the bar possessing legal qualification, was elected as special judge to try the case and that he thereafter duly took the oath of office as such.

Thereafter, on the oral motion of the plaintiff in the case and over the objection of defendants, the regular circuit judge proceeded to change the venue of said cause to the Circuit Court of Howard County,

Missouri; and in accordance a complete transcript of the record of proceedings was duly certified to said court.

Thereafter, defendants, relators herein, filed special appearance motion in the Circuit Court of Howard County, Missouri, asking that the cause be remanded to the Circuit Court of Boone County, Missouri. The Circuit Court of Howard County, Missouri, overruled the motion and assumed jurisdiction of the cause.

Thereafter, the defendants, relators herein, called the cause up for hearing in the Boone county circuit court before HONORABLE L. M. PRICE, special judge, a motion having been previously filed. It is shown that a hearing was had before the special judge and he overruled the motion and refused to take jurisdiction of the cause.

Thereafter, the defendants, relators herein, on December 7, 1933, filed in this court a petition in due form for mandamus against HONORABLE L. M. PRICE, respondent herein, asking that he be required to assume jurisdiction and proceed with the trial thereof. Thereafter, and on the same day an alternative writ was duly issued against the HONORABLE L. M. PRICE, respondent herein, requiring him to assume jurisdiction or show cause why. The said writ was made returnable on the 18th day of December, 1933.

Thereafter, in due time and in due form, the HONORABLE L. M. PRICE, respondent, made his return; and on the issues thus made up, the matter is now before us for final disposition.

OPINION.

There are two questions presented by the pleadings in this cause, to-wit: First, did the proceedings of election by the bar of Boone county, Missouri, confer jurisdiction on the HONORABLE L. M. PRICE to try and determine the cause? Second, is mandamus the proper remedy?

The first question requires the study of two sections of our statutes that are found, one section 911, in article 12 of chapter 5, and the other, Section 1943, in Article 3 of Chapter 9, Revised Statutes 1929.

That part of section 911 that is germane to the issue reads as follows:

"If reasonable notice shall have been given to the adverse party or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it be sufficient, a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit, convenient to the parties for the trial of the case and where the causes complained of do not exist: PROVIDED, that where the application is founded on the interest, prejudice or other objections to the judge or judges, a change of venue shall not be awarded to another county if the parties shall thereupon agree upon a special judge, *or if both parties request the election of a special judge to try*

*the case;* and in the latter case a special judge shall be elected, as provided by law;'' (Italics ours.)

Section 1943 reads as follows:

''Whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, or if the judge is interested or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason cannot properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion.''

The relators herein present that the proceedings herein involved are entirely controlled by the provisions of section 1943, wherein there is no provision for an agreement for an election. The respondent presents that chapter 5, in which is found section 911, being the general code of civil procedure, is the controlling law and that section 1943 of chapter 9 must be interpreted in connection with the provisions of chapter 5 and that the provision for an agreement precedent to election provided in section 911 must be read into section 1943 to avoid a conflict in the law.

If it be conceded that sections 911 and 1943 are dealing with the same situation of facts, then there is merit in respondent's position. On the other hand, if the makers of the law were dealing with a different situation of fact in the enactment of these two sections, then it is not the province of this court to interfere, if the lawmakers provided one method of procedure under one state of fact and another method under a different state of fact.

From a careful reading of the two sections together with the context of the two chapters, we conclude that section 911 provides a procedure for change based upon the fact that one of the parties to the suit has made application for a change of venue, while section 1943 provides a procedure for change based upon a situation of fact wherein the judge for the reasons therein stated becomes disqualified or on his own motion for reason, disqualifies himself.

It will be observed that section 911 extends, with limitations, the jurisdiction of the judge after the application is filed. From and after the filing his jurisdiction, if the application is as to his bias and prejudice ends, provided the litigants can come to an agreement. It is evident that the intendment is that a judge against whom the motion is directed shall be limited, provided the litigants can agree. However, the judge still has jurisdiction to act if an agreement be not reached. In other words, the judge retains jurisdiction to act, as limited by the statute, until the final act of transferring the venue.

The situation of fact upon which the procedure in section 1943 is based is entirely different from that above.

When a judge disqualifies himself, based upon the legal grounds designated in the record herein, his jurisdiction is at an end. The most that he can do thereafter as our courts have declared is to call an election, unless the parties fail to agree or there is a failure to elect in which event under the provisions of Section 908 of Chapter 5, Article 12, Revised Statutes 1929, he can award a change.

The construction of the statutes involved has frequently been before our courts and while we find no case where the exact question as is herein presented was at issue, still, the right to an election, under the provisions of section 1943, without agreement of litigants, has at least conversely received sanction.

In State ex rel. v. Flournoy, 160 Mo. 324, an application for change of venue had been filed and thereafter and without consent of litigants an election of a special judge was had. On appeal the election was declared to be error. However, the court's opinion is clearly to the effect that the election therein shown was error by reason of the application having been filed and the court's opinion is clearly to the effect that the situation came clearly under the provisions of what is now section 911 and not under the situation provided in what is now section 1943, wherein consent of litigants is not expressed as being required.

By noting the context of the sections of Chapter 5 and Chapter 9 of Revised Statutes 1929, we find that section 908 of Chapter 5 does present and deal with the same situation of fact as that embraced in Section 1943 of Chapter 9, Revised Statutes 1929.

The section reads as follows:

"If the judge is interested or related to either party, or shall have been counsel in the cause, the court or judge shall award such change of venue without any application from either party, unless all the parties in the cause consent that such judge may sit on the trial thereof, or a special judge for the trial thereof be agreed upon by the parties, *or elected in the manner provided by law.*" (Italics ours.)

The wording of the above section, we conclude, clarifies as to the matter wherein respondent conceives a conflict.

The section, after stating the situation of fact permitting award of change of venue, vests power in the judge to award a change of venue, "unless xx," then follows three alternatives. The first two of these alternatives are based upon agreement of parties. Therein, there is no conflict with the provisions of either section 911 or 1943. The third alternative is based upon rights of parties to have an election in the manner provided by law. Evidently the lawmakers had the provision of election without agreement of parties, as provided in section 1943, in mind or else the third alternative would have read,

*or elected at the request of both parties.* In other words, the expression in the third alternative of this section, which deals with a like situation of fact as is dealt with in section 1943, is in perfect harmony with the provisions of election without agreement as is expressed in section 1943. A failure of the lawmakers to express in the third alternative that there should be an agreement or that the election should be held as per the provisions of section 911 is persuasive of the conclusion that no agreement is prerequisite to an election under the state of fact presented.

We conclude that the act of the regular circuit judge in transferring the cause to the Circuit Court of Howard County, Missouri, after disqualifying himself was *coram non judice* and we further conclude that the HONORABLE L. M. PRICE, as special judge has jurisdiction to try and determine the cause.

Having disposed of the question of jurisdiction, we now consider the question of remedy.

The respondent herein presents that relators have an adequate remedy at law by appeal and urge that mandamus does not lie. Respondent cites—In re Drainage District v. Richardson, 227 Mo. l. c. 261.

The question involved in the above case was as to whether or not a judge called in by the trial court, although wrongfully so, had jurisdiction to try the cause. Our courts have clearly held that said question was one to be determined upon appeal where proper objection and exception be shown.

No such question is before us in the case at bar. Herein, relators contend that a duly qualified special judge, with jurisdiction and power to act, is refusing to act.

State ex rel. v. Higbee, 43 S. W. (2d) 825, is cited by respondent.

The Higbee case is one of life issue and like conclusion with the Drainage case above, in so far as the right to, on appeal, review the act of calling in another judge to try a case is concerned.

Respondent cites—Autenrieth v. Railroad, 271 Mo. 248.

The above case presents a state of fact where a special judge was elected and tried the cause. The opinion holds the acts of the special judge to be *coram non judice* for the reason that the trial judge assigned no reason for disqualifying. The case has no bearing upon the issue as is herein presented.

Respondent cites—State v. McKee, 150 Mo. 233.

In the above case after application for change of venue had been filed the judge, without giving opportunity for agreement or election, disqualified himself and granted a change of venue to another circuit. An alternative writ of mandamus was issued by the Supreme Court and issue joined and on final hearing writ was denied. In the opinion the court reiterated the doctrine as laid down in Dunklin County v. District Court, 23 Mo. 449, to-wit: "It does not lie to correct the

errors of inferior tribunals by annulling what they have done erroneously, nor to guide their discretion, nor to restrain them from exercising power not delegated to them.'' The writ in the above case was also denied on the ground no showing was made that an available competent person to act as special judge, or that the requisite number of lawyers were present from whom and by whom to elect a special judge. In the proceedings at bar there is no attempt to restrain any regular or special judge from exercising delegated or nondelegated authority. In the McKee case, supra, the regular judge had not, prior to application, disqualified himself from acting. The statute gave him something to do after the application was filed, the fact that he acted erroneously, if so, is a matter that can be determined upon appeal. It is prime law that a writ of mandamus cannot be made to perform or usurp the functions of appeal or writ of error. Respondent cites several cases to the above effect and to the effect that the writ will not be granted when the relator has a legal remedy. Our conclusions in the case at bar are with full recognition of the law in the cases cited.

Concluding as we have that the act of the regular judge, under the circumstances shown, was *coram non judice* and holding as we do that HONORABLE L. M. PRICE has jurisdiction as special judge, we conclude that the issue as it presents itself resolves itself to the question as to whether or not mandamus is the proper remedy to meet the situation as presented in this case.

We need cite but one authority. In an opinion by the Supreme Court of Missouri, State ex rel. Union Light & Power Co. v. Bruce, Circuit Judge, reported in 66 S. W. (2d) 847, is presented a proceeding by mandamus to compel the judge to proceed to trial of the cause. In said above case a writ of mandamus compelling the judge to proceed with the case was ordered by the Supreme Court.

In view of our findings above, we conclude that an analogous situation to that in the Bruce case is presented in this cause. So holding and there being nothing before this court to show that the HONORABLE L. M. PRICE has disqualified himself or is otherwise shown to be disqualified from acting in the cause, it follows that a writ of mandamus must be issued against respondent to proceed with the trial of the cause.

It is so ordered. All concur.