FELIX POGUE, Appellant, v. J. O. SWINK, Respondent, No. 43377.

THEODORE HEFFRON, Appellant, v. J. O. SWINK, Respondent, No. 43378—261 S. W. (2d) 40.

Division Two, September 14, 1953.

Motion for Rehearing or to Transfer to Banc Overruled, October 12, 1953.

*W. A. Brookshire* for appellant.

*Roberts & Roberts* and *Smith & Smith* for respondent.

BOHLING, C.—Felix Pogue sued J. O. Swink for false imprisonment in the Circuit Court of St. Francois county, Missouri, in two counts, asking $20,000 damages ($10,000 actual and $10,000 punitive) in each count. Theodore Heffron filed a like suit. The venue was changed to the Circuit Court of Stoddard county, where motions of the plaintiffs to remand their respective cases to the Circuit Court of St. Francois county were overruled and the motion of defendant in each case to dismiss was sustained. Each plaintiff has appealed and attacks the above-mentioned rulings. The suits arose out of the same state of facts, experienced identical procedural steps and results, and have been consolidated for determination.

At the time involved the Honorable J. O. Swink, defendant, was Judge of the Twenty-seventh Judicial Circuit of the State of Missouri, which included St. Francois county (§ 478.163—statutory references

are to RSMo 1949 and V.A.M.S., unless otherwise stated); and the two plaintiffs were Judges of the County Court of St. Francois county.

On January 15, 1951, defendant, as Judge aforesaid, entered an order authorizing the salary of Julia F. Presnell as Deputy Circuit Clerk to be changed from $1,980 to $2,160 per year, effective as of January 1, 1951. § 483.345.

By a citation served on February 3, 1951, the plaintiffs and Gordon Hughes, also a Judge of said County Court and, we understand, since deceased, were summoned to appear before the Circuit Court of St. Francois county on February 5, 1951, to show cause why they should not be punished for contempt of said court for disobeying the order increasing the salary of said Deputy Circuit Clerk.

When plaintiffs so appeared on February 5, 1951, defendant, in open court, inquired if they intended to obey the order aforesaid. Upon plaintiffs answering ''No,'' defendant ordered the Sheriff of said county to imprison the plaintiffs in the county jail for twenty-four hours. The Sheriff thereupon imprisoned the plaintiffs in the county jail for twenty-four hours.

On February 6, 1951, the plaintiffs were taken from the county jail by the Sheriff to the circuit courtroom and brought before defendant and again asked if they intended to obey said order. Upon plaintiffs again answering ''No,'' defendant ordered the Sheriff to re-imprison the plaintiffs in the county jail for twenty-four hours and the Sheriff again imprisoned the plaintiffs in the county jail.

The plaintiffs instituted a habeas corpus proceeding in the St. Louis Court of Appeals and were released from imprisonment about 2:00 p.m. February 6, 1951, and in said proceeding later obtained their absolute discharge from said imprisonment, the court stating: ''the judges of the county court cannot be held in contempt for violating a court order upon them for none exists * *.'' Pogue v. Smallen, Mo. App., 238 S. W. 2d 20, 22[4].

Thereafter, the plaintiffs instituted the instant actions.

Defendant filed a motion to dismiss each action.

By an order entered in each case on June 9, 1952, reciting, so far as material: ''Now comes Hon. J. O. Swink, Judge of the 27th Judicial Circuit, being a party litigant in the cause, disqualifies, and counsel failing to agree upon a Special Judge, the cause'' was transferred to the Circuit Court of Stoddard county, in the Twenty-second Judicial Circuit of the State of Missouri.

On the overruling of the motions to remand the cases to the Circuit Court of St. Francois county the position of the plaintiffs is that defendant, a litigant and judge, had no legal right under § 508.100 to enter the aforesaid order changing the venue. Defendant contends he properly disqualified himself, and that the transfer of the cases to another circuit was proper under § 508.100 ''in that there was no agreement upon a special judge.''

█ Provisions for special judges to preside in the circuit courts arose under § 29, Art. VI, Mo. Const. 1875, reading: "If there be a vacancy in the office of judge of any circuit, or if the judge be sick, absent, or from any cause unable to hold any term or part of term of court, in any county in his circuit, such term or part of term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit, any term of court or part of term in his circuit may be held by the judge of any other circuit, and in all such cases, or in any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary."

The General Assembly, proceeding under said § 29, enacted Laws 1877, pp. 217, 218 (R. S. 1879, §§ 1106-1113; now §§ 478.033, 478.037, 478.043-478.060), relating to the agreement upon or the election of an attorney of the Bar to act as special circuit judge. Sections 2, 3 and 6 of said act are now §§ 478.037, 478.043 and 478.053, respectively. We quote the material provisions of said sections.

Section 478.037: "Whenever * * the judge is interested or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason cannot properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion."

Section 478.043: "The election shall be held by the clerk of the court * *."

Section 478.053: "The parties to an action may agree upon one of the attorneys of the court to preside and to hold the court for the trial of such action * *."

Section 508.100, upon which the parties rely, was § 3730, R. S. 1879, and reads: "If the judge is interested or related to either party, or shall have been of counsel in the cause, the court or judge shall award such change of venue without any application from either party, unless all the parties in the cause consent that such judge may sit on the trial thereof, or a special judge for the trial thereof be agreed upon by the parties, or elected in the manner provided by law."

Our Constitution of 1945 adopted a different plan with respect to this subject matter. The applicable provisions follow.

Article V, § 6: "The Supreme Court may make temporary transfers of judicial personnel from one court to another as the administration of justice requires, and may establish rules with respect thereto." (Supreme Court Rule 11 was adopted pursuant to said § 6.)

And Art. V, § 15: " * * Any circuit judge may sit in any other circuit at the request of the judge thereof. * *"

The Constitution of 1945 also provided, so far as material, that the Constitution of 1875 was superseded by the Constitution of 1945 (Schedule, § 1), and that all laws inconsistent with the Constitution of 1945 ceased to be effective on July 1, 1946 (Schedule, § 2).

Some cases considering §§ 6 and 15, supra, are:

State v. Scott, 359 Mo. 631, 223 S. W. 2d 453, 455[1], held that a circuit judge transferred to another circuit under § 6, Art. V, Mo. Const. 1945, had jurisdiction; and stated that prior criminal procedure statutes (§§ 545.670 and 545.690) providing for calling ██ in another judge could not override the later constitutional provisions relating to the subject matter, and expressed doubt as to the validity of said sections.

State v. Emrich, 361 Mo. 922, 237 S. W. 2d 169, 172[1], where a circuit judge had been called in under § 15, Art. V, Mo. Const. 1945, followed State v. Scott, supra, stating: ''And we hold it [§ 15] was self-enforcing.''

The authority of the Supreme Court to make temporary transfers of judicial personnel under § 6 of said Article likewise is self-enforcing.

In Cantrell v. City of Caruthersville, 363 Mo. 988, 255 S. W. 2d 785, the authority of a circuit judge to call in another judge was questioned on the ground § 478.060 required the reasons for the calling in of another judge to be entered of record and had not been complied with. We held the provisions of § 478.060 (being § 8, Laws 1877, p. 218, adopted under the Constitution of 1875) had ''nothing whatever to do with it,'' again stating § 15, supra, was self-enforcing. See also State ex rel. Ellis v. Creech, No. 43,624, 364 Mo. 92, 259 S. W. 2d 372.

Hayes v. Hayes, 363 Mo. 583, 252 S. W. 2d 323, 329, did not, the same as the cases above mentioned, present the isssue at bar, but the case states that in circuits within § 508.110, multiple judge circuits, the case, upon an application for a ''change of judge,'' should be transferred to another division of the court, and ''in all other instances'' the judge should call in another circuit judge or request this court to transfer a circuit judge to preside. §§ 6 and 15, supra, and Supreme Court Rule 11.

██ A function of a Constitution is to establish the framework and general principles of government. Constitutional legislation prevails over statutory enactments, being superior. We have said: ''Furthermore, it is hornbook law that, 'if a previous law conflicts with a new constitutional provision, the law withers and decays and stands for naught, as fully as if it had been specifically repealed.' '' State ex rel. Dengel v. Hartmann, 339 Mo. 200, 96 S. W. 2d 329, 330[2]; Curators of Central College v. Rose, Mo., 182 S. W. 2d 145, 148[3]. Consult also Ex parte Snyder, 64 Mo., 58, 60(I); Deal v. Mississippi County, 107 Mo. 464, 468, 18 S. W. 24, 25(2), 14 L. R. A. 622; Marsh v. Bartlett, 343 Mo. 526, 121 S. W. 2d 737, 740, 745.

 Sections 6 and 15, Art. V, Mo. Const. 1945, tend to expedite the work of the courts of the State and, of greater importance, save the litigants the annoyance, delay and expense attending a trial in another circuit when their sole complaint is against the judge of the court. They remove the reasons existing under § 29, Art. VI, Mo. Const. 1875, and § 508.100 for an agreement upon, or the election of a special judge or the transfer of a cause to some other circuit upon the disqualification of the regular judge. It follows that the portion of § 508.100 authorizing a judge, disqualified for the reasons therein stated in a given cause, to award a change of venue without any application therefor is inconsistent with the purposes of said self-enforcing §§ 6 and 15 of the Constitution of 1945. This conclusion is strengthened by the construction given § 508.100 to the effect that the conditions stated in the "unless" clause of said section are conditions precedent to the judge awarding a change of venue; to wit: "It was his duty to take such steps as were necessary to enable the selection of a special judge by agreement of the parties, or by an election; or, if the parties failed to agree or if there was a failure to elect, to transfer the venue of the case to another circuit." State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S. W. 2d 768, 771[4], the case relied upon by defendant, which approves on said issue State ex rel. Banks v. Price, 228 Mo. App. 530, 70 S. W. 2d 130, 131[1], where the subject matter is developed and so ruled. See Lacy v. Barrett, 75 Mo. 469, 471.

 Another principle of law also applies; that is: The rule that where a later act covers the entire subject of a prior act or acts, manifesting a legislative intent that the later act prescribes the law with respect to the subject matter, the later act supersedes the earlier act or acts. The rule is well stated in Murdock v. City of Memphis, 87 U. S. (20 Wall.) 590, 616, 617, 22 L. Ed. 429, where two acts of Congress were under consideration. We quote:

"It will be perceived by this statement that there is no repeal by positive new enactments inconsistent in terms with the old law. It is the words that are wholly omitted in the new statute which constitute the important feature in the questions thus propounded for discussion. A careful comparison of these to sections * * can leave no doubt that it was the intention of Congress, by the latter statute, to revise the entire matter to which they both had reference, to make such changes in the law as it stood as they thought best, and to substitute their will in that regard entirely for the old law upon the subject. We are of opinion that it was their intention to make a new law so far as the present law differed from the former, and that the new law embracing all that was intended to be preserved of the old, omitting what was not so intended, became complete in itself and repealed all other law on the subject embraced within it. The authorities on this subject are clear and uniform. * * What is changed or modified is the law as thus

changed or modified. That which is omitted ceased to have any effect from the day that the substituted statute was approved.''

See also Meriwether v. Love, 167 Mo. 514, 517(I), 67 S. W. 250; State ex rel. Gaston v. Shields, 230 Mo. 91, 102, 130 S. W. 298, 300; Hogel v. Lindell, 10 Mo. 483, 488; 59 C. J. 919, § 520; 50 Am. Jur. 559, § 556; Crawford, Statutory Construction, 196, § 137; 1 Sutherland, Statutory Construction, 475, § 2018.

The Constitution of 1945 differs from the Constitution of 1875 in that it is not restricted to the calling in of judges to hold a term or part of a term of court in some other circuit, and the provision for the General Assembly to make ''additional provision for holding court'' is omitted. Said §§ 6 and 15, Art. V, of the Constitution of 1945 cover the subject matter of circuit judges holding court in other circuits; and in addition § 6 provides for the Supreme Court to establish rules for the temporary transfer of judicial personnel. There can be no doubt that said sections of the 1945 Constitution constitute provisions complete in themselves for the transfer of the judges of the State for the holding of court whenever for any reason the administration of justice presents an occasion therefor. Section 1, Schedule, Mo. Const. 1945, so far as material, reads: ''The Constitution of 1875 * * shall be superseded by this Constitution.'' This includes § 29, Art. VI, Mo. Const. 1875. The new Constitution included in it all of the old Constitution in relation to temporary, substitute or special circuit judges' which was to be preserved and discarded all that was omitted. That which the Constitution of 1875 provided for is now regulated by the Constitution of 1945, and there is no reason why fragments of the 1875 Constitution or statutory enactments thereunder should continue in operation when superseded by the more comprehensive provisions in the 1945 Constitution. The issue involves a new and complete statement of the supreme law on the subject in the Constitution.

A proper procedure for defendant would have been to disqualify and request this court to transfer a judge to try the case. Consult Kansas City v. Knotts, 78 Mo. 356, 358(I); State ex rel. Allen v. Trimble, 317 Mo. 751, 297 S. W. 378.

The instant proceedings are appeals and we act as a court of review. They are not proceedings in which we exercise original jurisdiction. The parties are entitled to have a tribunal vested with authority to pass on the issues in the first instance and thereafter, if desired, perfect an appeal to the proper appellate court. State ex rel. v. Smith, 176 Mo. 90, 105, 75 S. W. 586, 590.

Accordingly, the judgments are reversed and the causes are remanded with directions to the Circuit Court of Stoddard county to remand the causes to the Circuit Court of St. Francois county. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.