Dear Senator Dirck:
This official opinion is issued in response to your request which reads as follows:
 As you may be aware, Section 476.585
of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830, provides for a return of accumulated retirement contributions not previously refunded to judges. Subsection 4 of that section provides in part: "Such refund of contributions and interest shall not in any way change any benefits or rights to which the judge may be entitled." Sections 476.535, 476.540, and 475.545, RSMo, purport to reduce or eliminate certain retirement benefits if a judge seeks a return of accumulated retirement contributions. A question has arisen as to how these sections should be interpreted in light of the new Section 476.585. If a judge seeks and receives a refund of retirement contributions as provided by Section 476.585, does he or she or a surviving spouse thereby suffer any reduction or elimination of benefits under the various judicial retirement provisions, particularly Sections 476.535, 476.540 and 476.545, RSMo?
Sections 476.535, 476.540 and 476.545 were first enacted by the 76th General Assembly and became effective September 28, 1971. See Laws of Missouri 1971, p. 453, §§ 5-7.
Subsection 2 of Section 476.535 provides that if a person dies who has served in this state an aggregate of 12 years, continuously or otherwise, as a judge, and who, after September 28, 1971, ceased or ceases to hold office by reason of the expiration of his term or voluntary resignation, but who has not retired under the provisions of this section, nor withdrawn his contributions, retirement compensation shall be paid in monthly installments to his beneficiary in the amount equal to fifty percent of the amount of retirement compensation provided in Section 476.530. Subsection 1 of Section 476.535 was amended in 1974 and now provides in pertinent part that on and after August 13, 1974, in the event that a person who is serving as a judge as defined in Section 476.515 dies, retirement compensation shall be paid in monthly installments to his beneficiary in the amount equal to fifty percent of the amount of the retirement compensation provided in Section 476.530 regardless of the period of his judicial service, except that the retirement compensation so provided shall be reduced if the judge could not have served 12 years because of the mandatory retirement provisions in Article V, Section 30, of the Missouri Constitution.
Section 476.540 provides that any person ceasing to hold office as a judge for any reason other than death or retirement may make written application to the Commissioner of Administration for a refund of his contributions under Sections 476.515 to476.565, and that any person receiving such refund thereby waives all rights to retirement compensation under Sections476.515 to 476.565.
Section 476.545 provides that any judge who has served less than 12 years and is otherwise qualified may elect not to have his contributions refunded and may retire at age 65, or thereafter, with a reduced benefit.
Sections 476.575, 476.580, 476.585, 476.590 and 476.595, RSMo, were first enacted by the 78th General Assembly and became effective on September 1, 1976. See Laws of Missouri 1976, p. 639, §§ 1-5. Pursuant to Section 476.580, the Missouri State Employees' Retirement System now administers the retirement benefits of all judges provided for in Section 476.515 to 476.565, and such benefits are paid monthly out of the general revenue of the State of Missouri.
Subsection 1 of Section 476.585 provided that no payroll deductions should be made from the compensation of any judge for retirement benefits after September 1, 1976. Subsection 2 provided that any judge holding office on September 1, 1976, who thereafter retired, should be paid by the Commissioner of Administration the total amount of contributions paid by him under the provisions of Section 476.525, together with the interest as computed by the Board of Trustees of the Retirement System, and this amount should be in addition to any retirement benefits to which he was entitled. Subsection 3 of Section 476.585 provided that when a judge in office died on or after September 1, 1976, the Commissioner of Administration should pay to such beneficiary as the judge may have designated in writing, or to his estate if no beneficiary be designated, an amount equal to the total amount of contributions paid by him under the provisions of Section 476.525, together with interest as provided in subsection 2 of said section.
House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly repealed certain statutory provisions relating to retirement systems of state officers and employees and enacted in lieu thereof 52 new sections relating to the same subject. Section 476.585 was repealed and reenacted in the foregoing legislation. The first three subsections of Section476.585, RSMo Supp. 1981, are almost identical to the corresponding subsections of former Section 476.585. However, there was added a new subsection 4 which reads as follows:
 Within ninety days of the effective date of this act, when a judge, as defined in Section 476.515, requests in writing, the board shall pay to that judge from general revenue all accumulated contributions made through September 1, 1976, and not previously refunded, plus credited interest to the date the payment is made by the board. Such refund of contributions and interest shall not in any way change any benefits or rights to which the judge may be entitled. (emphasis added)
Section B of the foregoing legislation states that subsection 4 of Section 476.585 shall become effective on October 1, 1981.
With the foregoing legislative history in mind, there is authority for the proposition that statutes in pari materia must be read and construed together in order to keep all provisions of law on the same subject in harmony so as to work out and accomplish the central idea and intent of the lawmaking branch of state government. State ex rel. Day v. County Court of Platte County,442 S.W.2d 178 (Mo.App. 1969). Further, in determining legislative intent, it has been pointed out that since the legislature is presumed to know the prior construction of the original Act, an amendment substituting a new phrase for one previously construed, generally indicates that a different interpretation be given the new phrase as the old phrase as interpreted no longer expresses the legislative will. Salitan v. Carter, Ealey and Dinwiddie,332 S.W.2d 11 (Mo.App. 1960). Lastly, there is ample authority for the proposition that in repealing one statute and substituting another a court must assume that the General Assembly intended something by the repeal of the old and the enactment of the new statute in lieu of the old statute and that the latter statute supercedes the earlier Act that was repealed. Pogue v. Swink,261 S.W.2d 40 (Mo. 1953).
As a result, it is our view that the legislature did not intend that a judge who requests and receives a refund of retirement contributions as provided for in subsection 4 of Section476.585, RSMo Supp. 1981, should suffer any reduction or elimination of benefits on his or her own behalf or on behalf of a spouse under the provisions of Sections 476.535, 476.540 and476.545 which they would otherwise be eligible to receive. This interpretation is consistent with other provisions relating to the Missouri State Employees' Retirement System. See Section 104.366, RSMo Supp. 1981.
CONCLUSION
It is the opinion of this office that a judge who requests and receives a refund of retirement contributions as provided in subsection 4 of Section 476.585, RSMo Supp. 1981, will not suffer any reduction or elimination of benefits on his or her own behalf or on behalf of a spouse under the provisions of Sections 476.535,476.540 and 476.545 which they would otherwise be eligible to receive.
The foregoing opinion, which I hereby approve, was prepared by my assistant, B. J. Jones.
Very truly yours,
JOHN ASHCROFT