Dear Senator Strong:
This opinion is in response to your question asking:
 Is a sheriff in a third class county entitled to receive the $1,000.00 authorized under the provisions of Section 57.403, RSMo 1986, in addition to his current salary?
Section 57.403, RSMo 1986, provides:
 57.403. Compensation for reporting to highway patrol (third and fourth class counties). — 1. In addition to all compensation now provided by law, the sheriff in each county of the third class shall receive the sum of one thousand dollars per year, payable in twelve equal monthly installments out of the county treasury, for the performance of the duties required by sections 43.500 to 43.530, RSMo.
 2. In addition to all compensation now provided by law, the sheriff in each county of the fourth class shall receive the sum of five hundred dollars per year payable in twelve equal monthly installments out of the county treasury, for the performance of the duties required by sections 43.500 to 43.530, RSMo.
Section 57.403, RSMo 1986, was last amended by the Missouri General Assembly in 1986. Laws of Missouri, 1986, page 444. In 1987, as part of Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216, and 231, 84th General Assembly, First Regular Session (hereinafter "Senate Bill No. 65"), the General Assembly enacted Section57.317 setting forth the compensation of the county sheriff in any county, other than in a first class chartered county. Lawsof Missouri, 1987, page 400, 410 (Senate Bill No. 65, Section 4). Section 57.317 as enacted by Senate Bill No. 65 stated that except as provided in the section of the bill authorizing the county salary commission, "the amount provided by this section shall be the total compensation for all services performed by such sheriff." Section 57.317 as enacted by Senate Bill No. 65 was amended by the General Assembly in 1988 by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session. Laws of Missouri, 1988, page 388, 405. However, the 1988 amendment deleted the sentence containing the phrase "the amount provided by this section shall be the total compensation for all services performed by such sheriff."
We are guided by the following rules of statutory construction: "Where there are two acts on one subject, both should be given effect if possible, but if they are repugnant in any of their provisions, the later act, even sans a specific repealing clause, operates to the extent of the repugnancy to repeal the first." Colabianchi v. Colabianchi, 646 S.W.2d 61,63 (Mo. banc 1983). "[A]nd this is true though the law does not favor repeal by implication." Id. Also, as explained by the Missouri Supreme Court in Pogue v. Swink, 261 S.W.2d 40, 43
(Mo. 1953), "Another principle of law also applies; that is: The rule that where a later act covers the entire subject of a prior act or acts, manifesting a legislative intent that the later act prescribes the law with respect to the subject matter, the later act supersedes the earlier act or acts."
To understand the significance of Section 57.317, it is necessary to begin with an examination of this law's predecessors. In 1987, before the enactment of Senate Bill No. 65, there were no less than six separate sections which pertained to the compensation of sheriffs of third class counties. Although Section 57.390 purported to set the sheriff's salary, additional compensation was provided by Sections 57.395, 57.405, 57.407 and 57.408, as well as Section57.403. In enacting Senate Bill No. 65, it is clear that the General Assembly intended to do away with this patchwork approach to sheriffs' compensation, and replace it with a single comprehensive salary schedule. As passed in 1987, Section57.317 explicitly provided that the amount provided by such section "shall be the total compensation for all services performed by such sheriff." Although this language was deleted when Section 57.317 was amended in 1988, this statute retained its character as a comprehensive revision of sheriffs' compensation. Thus, as explained in the Pogue case, the earlier act (Section 57.403) has been superseded by this statute (Section 57.317).
The other provisions for additional compensation mentioned above, that is, those found in Sections 57.395, 57.405, 57.407
and 57.408, were expressly repealed by Senate Bill No. 65, and were never re-enacted. Even though Section 57.403 was omitted from this list of repealed sections, nevertheless, Section57.403 cannot be reconciled with Section 57.317. The earlier statute added $1,000.00 to the compensation "now provided by law." In other words, it provided an add-on to the compensation which sheriffs received at the time the law was enacted. The complete revision of sheriffs' compensation is inconsistent with continued payments pursuant to this section. Thus, as provided by the rule of statutory construction cited in the Colabianchi
case, Section 57.403 has been repealed by implication by the later statute.
CONCLUSION
It is the opinion of this office that a sheriff of a third class county is not entitled to received the $1,000.00 provided by Section 57.403, RSMo 1986, in addition to his current salary.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General